### THOMPSON v. NICKLE et al.

No. 12569—Opinion Filed April 28, 1925.

Rehearing Denied July 14, 1925.

(Syllabus.)

**1. Appeal and Error—Recall of Mandate —When Proper.**

This court has jurisdiction to recall a mandate only when it clearly appears from the record that same was issued through inadvertence or mistake and in violation of the rules of this court.

**2. Same.**

It is contrary to the well-established rules of this court to issue a mandate and forward same to the court below until all matters properly on file and pending in this court in said case are finally passed on and disposed of and the time allowed by law or the rules of the court within which to file further or additional pleadings has expired, and if a mandate is issued in violation of said rules, same will be deemed to have been issued through inadvertence or mistake and will be recalled upon proper application being made therefor.

**3. Same.**

From an examination of the record in the instant case, it clearly appears the mandate was issued through inadvertence or mistake.

**4. Same—Reversal of Order Granting New Trial—Effect of Remand.**

A judgment on the verdict of the jury necessarily follows an order overruling a motion for a new trial, unless judgment was entered on the verdict at the time same was rendered, and when this court determines on appeal, from an examination of the entire record, that the lower court erred with respect to same pure, simple, and unmixed question of law in sustaining a motion for new trial and reverses the case, it will thereupon remand the same with directions to render judgment on the verdict of the jury.

Appeal from District Court, Mayes County; A. C. Brewster, Judge.

Action by L. N. Thompson against A. D. Nickle and another. Judgment for plaintiff, and from order granting defendants a new trial, plaintiff brings error. Reversed, with directions. Mandate recalled and per curiam order vacated. See 105 Okla. 181, 229 Pac. 202.

Joe T. Dewberry, N. C. Barry, and Langley & Langley, for plaintiff in error.

Graves & Seaton, H. L. Burris, and Campbell, Leahy & Brewster, for defendants in error.

HUNT, J. This case is now presented on the petition of plaintiff in error to recall mandate and to vacate order denying application to modify opinion and for reconsideration of the application for modification of the per curiam order attached to the original opinion filed herein. It appears from the record that this case was assigned to Division No. 3, and opinion was handed down, reversing the judgment of the trial court based on the order granting new trial. Petition for rehearing was filed, and under date of September 6, 1924, the opinion was withdrawn, corrected, and refiled and rehearing denied. The opinion of the Commissioner reversed the order of the lower court granting a new trial and remanded the cause to the district court of Mayes county, with directions to render judgment on the verdict of the jury. The correction of the opinion made on September 6, 1924, consisted of a per curiam order as follows:

"Per Curiam. The opinion of the court as rendered by the Commissioner is hereby modified as follows: Judgment of the lower court granting new trial to the defendants in the court below is hereby reversed and set aside and the cause is remanded to the lower court, with instructions that, consistent with the law as announced in this opinion, it shall reconsider and again determine the merits on the motion for new trial filed by defendants in the court below."

This order was filed in the clerk's office on October 7, 1924, and shortly thereafter, to wit, on October 17, 1924, and within the time prescribed by the rule of this court,

plaintiff in error filed his application for modification of the opinion as corrected. On November 3, 1924, response to said application was filed by defendant in error and said application and response was referred to Honorable Cham Jones, of Division No. 3 of the Supreme Court Commission, and on November 15, 1924, Commissioner Jones submitted his report recommending that the application of plaintiff in error for modification of said corrected opinion and withdrawal of the per curiam order be granted, which said report of Commissioner Jones appears in the files.

The record further shows that on November 25, 1924, an order was made denying the defendant in error leave to file a second petition for rehearing, and shortly after that time, to wit, on December 8th, the mandate was issued and sent to the district court of Mayes county with a copy of the opinion as corrected being attached thereto.

It is contrary to the well-established rules of this court to issue a mandate and forward same to the court below until all matters properly on file and pending in this court in said case are finally passed on and disposed of and the time allowed by law or the rules of the court within which to file further or additional pleadings has expired, and if a mandate is issued in violation of said rules, same will be deemed to have been issued through inadvertence or mistake and will be recalled upon proper application being made therefor.

It therefore clearly appears that the mandate herein was issued through inadvertence and mistake, for the reason that on December 8th, the date of issuance of same, the application of plaintiff in error to modify the corrected opinion was still pending and the report on same by Commissioner Jones had not been acted upon by the court. We are therefore of the opinion that the application of plaintiff in error to recall mandate should be granted, and it is ordered that the clerk of this court forthwith recall the mandate from the district court of Mayes county. We are further of the opinion, from a careful examination of the record, that the order of the court made on December 16, 1924, denying the application of plaintiff in error to modify the opinion should be vacated and set aside, and it is so ordered, and upon consideration of plaintiff in error's application for modification of the per curiam order and response of defendant in error thereto, we are of the opinion that the report of Commissioner Jones should be approved and adopted, and that the per curiam order modifying said original opinion in this case should be withdrawn and the opinion should be refiled as originally handed down in this case, reversing the cause and directing the district court of Mayes county to render judgment on the verdict of the jury, and it is so ordered.

BRANSON, V. C. J., and HARRISON, LESTER, PHELPS, and RILEY, JJ., concur. NICHOLSON, C. J., and MASON and CLARK, JJ., absent and not participating.

Note.—See under (1) 4 C. J. p. 1245 § 3309. (2) 4 C. J. p. 1210, § 3259 (1926 Anno). (3) 4 C. J. p. 1245, § 3309. (4) 4 C. J. p. 1192, § 3229.