Mary JOINER, as surviving spouse
of Carlos Joiner, Deceased,
Appellant,

v.

Ron M. BROWN, D.C., Appellee.

No. 87237.

Supreme Court of Oklahoma.

Oct. 1, 1996.

Mark Weimer, Oklahoma City, for appellant.

Walter D. Haskins, Galen L. Brittingham, Nelson J. Christiansen, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for appellee.

OPALA, Justice.

Today the court is called upon to decide whether this appeal is timely under the unique circumstances that surround the filing of the critical memorial of an appealable trial court's action? The question calls for an affirmative answer.

## I

### THE ANATOMY OF LITIGATION

Mary Joiner brought a medical malpractice action against Ron M. Brown (Brown or chiropractor), alleging substandard treatment of Carlos Joiner, her husband. The Joiners lived in Oklahoma and Brown practiced in Texas. After the action was filed in the District Court, Harmon County, Brown moved to dismiss for want of proper service.

With all parties present on December 21, 1995, the trial judge heard arguments on Brown's motion to dismiss and announced his decision to sustain it. Afterwards Nelson Christiansen (Brown's counsel whose office is in Tulsa) prepared a memorial of the court's decision and forwarded it to Mark Weimer (Joiner's lawyer whose office is in Oklahoma

City) for approval. Weimer signed the order and returned it to Christiansen along with a written request that, once the original was filed, he be provided a file-stamped copy.[1]

Christiansen, who mailed the order to the court clerk, asked that she (1) forward it to the trial judge for his signature, (2) file it in the case, and (3) mail him a certified, file-stamped copy. *Christiansen did not request that Joiner's counsel be sent a copy of the filed order.* Complying with Christiansen's requests, the court clerk *did not mail* Weimer a copy of the file-stamped order.

On March 5, 1996 Weimer first learned that the dismissal order had been filed on February 7, 1996. Joiner brought her appeal on April 4, 1996—*more* than thirty days *after* the critical memorial was filed below but *within* thirty days of receiving notice of the memorial's date of filing. Brown seeks the appeal's dismissal as untimely.

## II

### OKLAHOMA'S PROCEDURAL REGIME REQUIRES THAT AN APPEAL BE BROUGHT WITHIN THIRTY DAYS OF THE APPEALABLE EVENT

The terms of 12 O.S.Supp.1993 § 990A(A) require that an appeal be brought within thirty days of the date an appealable order is filed in the court clerk's office.[2] It is the Supreme Court's constitutional responsibility to ensure that the *statutory regime* governing the filing of appealable orders is implemented as a workable system which evenhandedly extends to *all* litigants the opportunity for timely notice that is consistent with state's standards of due process.[3]

1. For Weimer's January 25, 1996 letter to Christiansen (Brown's counsel), see exhibit "B" to "Appellant's Response and Brief to the Court's Order Dated April 10, 1996". It states in pertinent part:
   "Enclosed you will find the Order you submitted to me for my signature. After you obtain the Judge's signature and file same, *please send me a copy.*" [Emphasis added.]

2. The pertinent terms of 12 O.S.Supp.1993 § 990A(A) provide:
   "An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme

Court of Oklahoma *within thirty (30) days from the date a judgment, decree or appealable order ... is filed* with clerk of the trial court...." [Emphasis added.]

3. *See* Art. 7, § 6, Okl. Const., whose pertinent terms are:
   "[G]eneral administrative control over all courts in this State ... is hereby vested in the Supreme Court...."
   *See also* Art. 2, § 7, Okl. Const. whose terms state:
   "No person shall be deprived of life, liberty, or property, without due process of law."

Fundamental fairness cannot be afforded except within a framework of orderly procedure.[4] It is the responsibility of all participants in the case—judges, lawyers and court clerks alike—to facilitate strict compliance with the legislative time frame for bringing appeals.

## III

## A PROCESS THAT WILL ENSURE NOTICE TO ALL PARTIES OF AN APPEALABLE EVENT'S OCCURRENCE

### A

### A LITIGANT'S COUNSEL, WHO PARTICIPATES IN MEMORIALIZING THE APPEALABLE ORDER, MUST ASSIST THE COURT CLERK IN PROVIDING NOTICE OF THE APPEALABLE EVENT TO ALL COUNSEL OF RECORD AND TO ALL UNREPRESENTED PARTIES

■ Although the journalization process employed in this case—set in motion by the trial court and carried out by the parties—tracks the immemorial courthouse practice,[5] the procedure customarily used of yore is no longer acceptable. Losing counsel requested the victorious party's lawyer to send him a copy of the critical memorial after that document was filed. *At this stage of the process, filing of the memorial was within the complete control of the victorious party's counsel.* While there is no explicit statutory re-

quirement for Brown's lawyer to comply with the request by Joiner's counsel, it is *plainly unconscionable* for a licensed practitioner not to honor its terms. This is so because it is to be expected that an omission, when followed by silence, would clearly lull Joiner's counsel into a false sense of reliance upon forthcoming compliance.[6]

### B

### THE COURT CLERK'S RESPONSIBILITY FOR MAILING FILE–STAMPED COPIES OF THE CRITICAL MEMORIAL TO ALL PARTIES OF RECORD

[3, 4] By the provisions of § 990A[7] the critical point that triggers appeal time is the date the appealable decision is filed in the court clerk's office. We conclude that the terms of § 990A *unmistakably command* that appealable orders *be filed* in the court clerk's office immediately after the trial judge's signature is affixed to the memorial and that the court clerk promptly mail a copy of the appealable file-stamped order to all counsel of record and to all unrepresented parties *whose names and addresses shall be listed on the journal entry tendered (or forwarded) by the practitioner who took charge of delivering the critical memorial for filing.*

### IV

### SUMMARY

Today's construction of 12 O.S.Supp.1993 § 990A is intended to guarantee (a) that

---

4. *Pryse Monument Company v. District Court of Kay County*, Okl., 595 P.2d 435, 438 (1979). " * * * It is procedure that spells much of the difference between rule by law and rule by whim or caprice. Steadfast adherence to strict procedural safeguards is our main assurance that there will be equal justice under law." *Joint Anti–Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 179, 71 S.Ct. 624, 652, 95 L.Ed. 817 (1951) (Douglas, J., concurring).

5. Because of their lack of adequate staffs, Oklahoma's district court judges customarily dispose of issues in the following manner: (1) the trial court notifies the parties of its ruling either in person or by a copy of a minute, by letter or by telephone; (2) the victorious party's counsel then prepares the memorial; (3) opposing counsel approves the draft "as to form"; and (4) upon securing the judge's signature, *the prevailing party's counsel* files the order in the court clerk's office. This process—*the same as that used in*

*this case* to finalize the February 7 memorial except that the prevailing party's counsel secured the clerk's help in completing step 4—is consistent with the prevailing long-time practice.

6. We have earlier held that in the statutory process that applies to matters taken under advisement the lawyer who approves a journal entry has a duty to monitor the docket for the appealable event. While we would not hesitate to extend that duty to matters other than those taken under advisement, we need not settle that point of practice today. This is so because Joiner's lawyer was clearly lulled into an inattentive stance by the victorious party's failure to fulfill its notice-giving duty.

7. For the pertinent terms of 12 O.S.Supp.1993 § 990A, see *supra* note 2.

notice of appealable events is promptly given to all litigants and (b) that the *minimum* standards of due process are satisfied. The appellate regime's integrity is a shared responsibility of all legal professionals who participate in the adjudicative process.

Notice of the date an appealable event occurs is critical to ensuring the right of appeal to the parties. Today's pronouncement imposes upon all licensed practitioners, who participate in the adjudicative process of every case, the obligation to facilitate timely notice of an appealable event's occurrence to all parties.

This opinion shall govern *this case* and apply with effect to *all appealable decisions whose memorial is filed in the trial courts on and after January 1, 1997.*

**THE MOTION TO DISMISS IS DENIED WITH PREJUDICE TO RENEWAL.**

ALL JUSTICES CONCUR.