1998 OK 67

**TIDEMARK EXPLORATION, INC., Appellants,**

v.

**Vaughn GOOD; Compass Drilling, Inc., an Oklahoma corporation, et al., Appellees.**

**No. 91,010.**

Supreme Court of Oklahoma.

July 1, 1998.

Rehearing Denied Sept. 14, 1998.

### ORDER

¶ 1 The resolution of appellees' motion to dismiss this appeal calls for a construction of the 1997 amendments to 12 O.S. § 990A. 12 O.SSupp.1997 § 990A states in pertinent part as follows:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree,

or appealable order was mailed to the appellant.

¶ 2 The order on appeal was pronounced by the judge at a hearing where the lawyers for the parties were present on October 3, 1997. It was drafted by the attorney for the appellees and sent to the attorney for the appellants. The two attorneys discussed the content of the order and made revisions. The appellants' attorney then received and signed the order. The appellees' attorney submitted the order to the judge, who signed it. The order was filed on October 31, 1997. The appellees' attorney mailed a file-stamped copy of the order to the appellants' attorney on Monday November 3. Another file-stamped copy of the order was faxed by the appellees' attorney to the counsel for the appellants on November 7, 1997. *These copies were timely received by the attorney for the appellants.* Not until March 23, 1998 did the appellees' attorney file in the case a certificate showing that the order was mailed.

¶ 3 *The petition in error for review of the October 31 1997 order was not filed until March 17, 1998.* Attached to the petition was a certificate of service, prepared by the attorney for the appellants and signed by the court clerk, showing that a copy of the October 31 order had been mailed by the court clerk to the attorneys for the parties on March 10, 1998. This certificate of service was filed of record on March 10, 1998.

¶ 4 Appellees moved to dismiss this appeal, contending that it was untimely brought more than 30 days after the filing of the order, as is required by 12 O.S.Supp.1997 § 990A. Appellants responded to the motion, urging that the appeal was timely brought because it was lodged within 30 days of the date of the March 10, 1998 certificate of service, the first and only certificate of service filed in the district court.

¶ 5 On motion by the appellees, this appeal is dismissed as untimely because it was brought more than 30 days after the filing of the October 31, 1997 order, and more than 30 days after the date that a copy of that order was first mailed to the attorneys for the appellants. 12 O.S.Supp.1997 § 990A. The reason for the statute's re-

quirement that a certificate of mailing be filed is to establish when the order was mailed in the event there is a dispute about the date that the appealing party received actual notice of the filing of the order, the appealable event. This recorded certificate of mailing performs a function similar to a recorded mortgage or other document of title. It is well settled that persons with actual knowledge of an unrecorded document are legally bound by and charged with knowledge of that document. *Kaylor v. Kaylor,* 172 Okl. 535, 45 P.2d 743 (1935). The date of the filing of the certificate of mailing is *not* the appealable event. There is no dispute in this case that appellants received actual notice of the appealable event more than thirty days before this appeal was commenced.

¶ 6 Today's result is consistent with extant jurisprudence. We have long held that actual notice of an appealable event triggers the running of the appeal time. *McCullough v. Safeway Stores,* 1981 OK 38, 626 P.2d 1332, *Grant Square Bank and Trust Co. v. Werner,* 1989 OK 126, 782 P.2d 109, *Bushert v. Hughes,* 1996 OK 21, 912 P.2d 334, *Joiner v. Brown,* 1996 OK 112, 925 P.2d 888. The 1997 amendments to 12 O.S. § 990A do not change this fundamental rule.

¶ 7 Moreover, because the attorney for the appellant participated in the preparation of the order, the mailing provisions of § 990A do not apply to this case, and the time to appeal began to run on October 31, 1997.

¶ 8 APPEAL DISMISSED.

LAVENDER, SIMMS, HARGRAVE, OPALA, and WATT, JJ., concur.

ALMA WILSON, J., concurs in judgment.

SUMMERS, V.C.J., and HODGES, J., dissent.

SUMMERS, V.C.J., dissenting.

¶ 1 I respectfully dissent because the position taken by the majority is contrary to the language of new 12 O.S.Supp.1997 § 990A, and under that section the appeal was timely brought. Appellees moved to dismiss this appeal as untimely because they had mailed a copy of the journal entry to appellants within three days of the date the journal entry was filed in the trial court. But they had neglected to file a certificate of mailing in the trial court until some months later. Appellees argued that Appellants did not comply with the thirty-day period to commence an appeal as required by § 990A. The statute states in part:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the·judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, **the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant.** (emphasis added)

12 O.S.Supp.1997 § 990A(A).

In our case today (1) Appellants were not responsible for preparing the judgment, (2) § 696.2(B) required mailing to the Appellant, and (3) the court records do not reflect the mailing of a copy of the judgment within three days after its filing. So when does the statute say Appellants may appeal? It states that in such case the petition in error may be filed **within thirty (30) days after the earliest date on which the court records show that a copy of the judgment was mailed to the appellant. The earliest date that the court records show that the judgment was mailed is March 10, 1998. The petition in error was filed March 17,** 1998.

¶ 2 The Court disregards the statutory language which states when appeal time com-

mences. The Court's analysis is that counsel had actual notice of when the judgment was filed, and that the appealable event was the filing of the judgment, instead of the date fixed by the statute. Section 990A states that the appealable event under these circumstances is "the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant." The Court states that the date of mailing the judgment to an appellant is of no consequence because time to appeal commences when appellant possesses knowledge of the actual date of filing a judgment. This Court should not overrule the legislature except for constitutionally required reasons.

¶ 3  The appellants here (and likely other lawyers) simply followed the statute as written. For example, one author in explaining the 1997 amendment states that "The consequence of failing to mail the file stamped copies of the judgment within three days of the filing is that the time to file appeals and post-trial motions will not begin to run **until the mailing is done.**" Adams, *Recent Developments in Oklahoma Civil Procedure,* 33 Tulsa L.J. 539, 557–558 (1997), (emphasis added). The same analysis should apply to the failure to file the certificate of mailing with the court records.

¶ 4  The Court states that mailing has nothing to do with this case because appellant "participated in the preparation of the order". Section 990A says the mailing provision applies if the "appellant did not prepare the judgment, decree, or appealable order". The Court's Order equates a lawyer's act in reviewing and approving a proposed journal entry with actually preparing the entry. However, § 696.2 speaks in terms of a trial court directing certain counsel to prepare a journal entry. In this case the trial court directed Appellees' lawyer to prepare the journal entry. A reasonable construction of § 990A is that when the trial court directs one lawyer to be responsible for preparing the journal entry, the opposing counsel/appellant is not considered as the one who has prepared the entry for the purpose of § 990A. In the present case Appellees' lawyer was directed to obtain opposing counsel's

signature on the entry and submit it to the trial judge. This is common practice, and is what happened here. Under today's ruling this procedure will negate the application of the mailing language of the statute in all such cases. I cannot discover such intent from the language used by the Legislature.

¶ 5  Today is the Court's first construction of the 1997 amendment to § 990A. If the court construes the new statute contrary to its literal language, I suggest that its holding be made prospective. We have done this in the past so that ambiguous legislative enactments not be procedural traps for the unwary litigant. *Manning v. State ex rel. Dept. of Public Safety,* 1994 OK 62, ¶ 12 876 P.2d 667, 673. Doing so today would mean that lawyers for appellants who have relied on the language of the new statute and upon procedural experts such as Professor Adams would not have their appeals dismissed.