2007 OK CIV APP 34

**Vicky VANCE, Petitioner/Appellant,**

v.

**Dedra LOY, Respondent/Appellee.**

**No. 103,077.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 16, 2007.

Phillip P. Owens, II, Chris Harper, Inc., Edmond, OK, for Appellant.

James W. Rucker, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Presiding Judge.

¶1 Petitioner/Appellant Vicky Vance (Grandmother) seeks review of the trial court's order granting attorney's fees and expert witness fees to Respondent/Appellee Dedra Loy (Mother) after dismissal of Grandmother's petition for visitation with the minor child of Mother and Grandmother's son. In this proceeding, Grandmother asserts the trial court erred as a matter of both fact and law in granting fees to Mother.

¶2 In February 2005, Grandmother filed her Petition for Grandparental Visitation Rights. In her petition, Grandmother alleged that A.D.H. was born March 12, 1994; that her son was the natural father of A.D.H.; and, that the mother of A.D.H., Respondent/Appellee Mother, exposed A.D.H. to the threat of irreparable harm as a result of her drug abuse and the presence of an abusive third person in her home. To the petition, Grandmother attached the birth certificate of A.D.H. reflecting her son's paternity. Concurrently with her petition, Grandmother also filed an Application for Emergency Temporary Order, and, based on the same allegations of irreparable harm, sought temporary custody of A.D.H.

¶3 Mother filed a Special Entry of Appearance, Objection and Motion to Dismiss. Mother asserted that, because there had been no judicial determination of A.D.H.'s paternity, Grandmother had no standing to seek visitation. Mother consequently sought dismissal of Grandmother's petition and application, as well as an award of attorney's fees.

¶4 The parties appeared for hearing. By journal entry of judgment filed March 14, 2005, the trial court held Grandmother indeed lacked standing to seek visitation, and granted Mother's motion to dismiss.

¶5 On March 21, 2005, Mother filed her Motion for Attorney's Fees, asserting entitlement under 10 O.S. § 5(H). To the motion, Mother attached the time records of her attorney, reflecting six and two-tenths (6.2) hours of labor at the rate of $175.00 per hour,

for a requested award of $1,085.00. Grandmother responded, objecting to such an award as unauthorized by § 5(H).

¶ 6 In May 2005, the parties appeared for hearing on the Motion for Attorney's Fees. After an unrecorded hearing, the trial court granted Mother attorney's fees in the sum of $900.00, and expert witness fees of $300.00.

¶ 7 Grandmother objected to insertion of "reasonable" and "necessary" language in the Journal Entry of Judgment, and Mother filed a Motion to Settle. Upon consideration of the parties' arguments, the trial court executed a Journal Entry of Judgment providing:

1. [T]his Court has the discretion to award an attorney's fee in this case pursuant to 10 O.S. § 5(H).

2. [Grandmother] is financially able to pay [Mother's] attorneys fees and ... [Mother] is financially unable to do so. The Court finds that the award of attorney's fee to [Mother] in this case is equitable and proper.

3. [A]n attorney's fee at the rate of $150.00 per hour and total time incurred of 6(SIX) hours attorney services is reasonable and the Court awards [Mother] a total attorney's fee of $900.00.

. . . .

5. [Grandmother] specifically objected to the rate at which [Mother's] attorney billed her as well as the amount of time expended. It was, therefore, necessary and reasonable for [Mother] to retain [another] attorney as expert witness upon the issue of [Mother's] attorney's rate and time expended in the case and that [Grandmother] should pay the expert witness fee in the reasonable amount of $300.00 consisting of two (2) hours ... at $150.00 per hour.

¶ 8 Grandmother now appeals the order granting attorney's fees and expert witness fees to Mother. In her sole proposition of error, Grandmother asserts the birth certificate of A.D.H. listed her son as the natural father, and established her right to seek visitation under § 5. Grandmother thus asserts the trial court erred in dismissing her petition, and subsequently awarding attorney's and expert witness fees to Mother.

¶ 9 Grandmother did not timely appeal the order granting Mother's motion to dismiss. See, 12 O.S. § 990A(A).[1] Whether the trial court properly granted Mother's motion to dismiss is consequently beyond the scope of this appellate proceeding. See, e.g., Tidemark Exploration, Inc. v. Good, 1998 OK 67, ¶ 5, 967 P.2d 1194, 1195;[2] Tinker Inv. & Mortg. Corp. v. City of Midwest City, 1994 OK 41, ¶ 9, 873 P.2d 1029, 1036.[3]

¶ 10 Section 5(A)(1) of title 10, O.S., permits an award of grandparental visitation if:

a. the district court deems it to be in the best interest of the child ..., and

b. there is a showing of parental unfitness or unsuitability or that the child would suffer harm or potential harm without the granting of visitation rights to the grandparent or grandparents of the child, and

c ..... (5) grandparent had custody of the grandchild pursuant to Section 21.3 of this title, whether or not the grandparent

---

1. "An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant."

2. "On motion by the appellees, this appeal is dismissed as untimely because it was brought more than 30 days after the filing of the October 31, 1997 order, and more than 30 days after the date that a copy of that order was first mailed to the attorneys for the appellants."

3. "Appellate review is commenced by a petition in error filed within thirty days of the judgment or final order date. Timely commencement is jurisdictional. Failure to file an appeal within the statutory time is fatal...."

had custody under a court order, and there exists a strong, continuous grandparental relationship between the grandparent and the child, [or]

. . .

(7) . . . , the grandchild's parents have never been married, are not residing in the same household and there exists a strong, continuous grandparental relationship between the grandparent and the child.

Section 5(H) permits an award of attorney's fees "[i]n any action for grandparental visitation pursuant to this section, . . . , as the court deems equitable."

¶ 11 The right to grandparental visitation exists only under the terms of § 5. *See, K.R. v. B.M.H.*, 1999 OK 40, ¶ 17, 982 P.2d 521, 524;[4] *In re Herbst*, 1998 OK 100, ¶ 20, 971 P.2d 395, 399–400.[5] Inasmuch as Grandmother sought the right of visitation established by § 5, she is likewise bound by the attorney's fee provision of § 5, and the trial court clearly possessed authority to make such an award under § 5(H).

¶ 12 We have no transcript of proceedings on the merits of Mother's Motion for Attorney's Fees. We are therefore unable to assay the factual basis for the trial court's award to Mother of her attorney's fees, and we presume the trial court did not err. *See, e.g., Matter of Adoption of Baby Boy W.*, 1992 OK 58, ¶ 14, 831 P.2d 643, 646.[6]

¶ 13 However, the parties cite, and we find, no statutory or precedential authority permitting an award of expert witness fees on the question of reasonable and necessary attorney's fees. That part of the trial court's order should therefore be reversed.

¶ 14 The order of the trial court is therefore AFFIRMED IN PART, and REVERSED IN PART.

ADAMS, J., and MITCHELL, V.C.J., concur.

---

4. "[G]randparents have no constitutional right to custody of or visitation with their grandchildren. Grandparent's rights to visitation are governed by statute and equity." (Citations omitted.)

5. "[Grandfather] argues in favor of an equitable interest in grandparent visitation, apart from the authority granted by statute. Even assuming grandparents have a right to visitation outside the confines of Title 10, equity must in all instances follow the law. Therefore, equity is subject to the United States and Oklahoma constitutions and may not exceed the protections and privacy therein assured to families. Mandating grandparental visitation in this case, whether by statute or equity, would violate the federal and state constitutions." (Citations omitted.)

6. " 'Absent a record showing otherwise, this court presumes that the trial court did not err. Whenever [the] appellate record does not include any evidence, a presumption arises that the judgment was responsive to the proof adduced.' The entire trial transcript has not been made a part of the appellate record in this case. The only part of the transcript tendered is the judge's pronouncement from the bench of his ruling. Therefore, it must be assumed that the facts underlying the trial court's judgment were proven. . . ." (Citation omitted.)