2009 OK 80

**Monsi Kassa Tafari L'GGRKE,**
**Appellant/Plaintiff,**

v.

**Rebecca Lynn SHERMAN,**
**Appellee/Defendant.**

No. 105,208.

Supreme Court of Oklahoma.

Nov. 3, 2009.

Monsi Kassa Tafari L'ggrke, Tulsa, OK, Plaintiff/Appellant, pro se.

David D. Wilson, Frances J. Armstrong, Tulsa, OK, for Defendant/Appellee.

KAUGER, J.

¶1 The dispositive issue presented is whether Monsi Kassa Tafari L'ggrke (appellant) should be granted leave to file his petition for certiorari out of time because he did not receive actual notice of the opinion of the Court of Civil Appeals (COCA) until after the mandate had been issued. Because actual notice of an appealable event triggers the time to file, the mandate is recalled and the appellant is given leave to file his petition for certiorari out of time.

## FACTS

▮ ¶2 On October 29, 2007, the appellant, a prisoner at the Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, filed an application for writs of prohibition and mandamus based on the trial court's denial of his motion to vacate a dismissal order in an automobile negligence action. The cause was recast as an appeal of a final order, and we assigned it to COCA on August 14, 2008. In a May 21, 2009 opinion, COCA affirmed the denial of the appellant's motion to vacate. The appellant did not petition for certiorari within twenty days, and the mandate was issued on June 25, 2009. On July 17, 2009, the appellant filed a notice of change of address, petitioned for the mandate's recall, and requested leave to file his petition for a writ of certiorari out of time.[1]

¶3 The appellant was transferred from Hodgen to the Tulsa County Jail on May 14, 2009. It is undisputed that the appellant had difficulty receiving his records and his belongings. The appellant alleges that he petitioned officials at Hodgen five times for the transfer of the records, to no avail. He also alleges that he was forced to employ the help of an elder in his church, who had to make three visits to Hodgen before the Chief of Security would release the records, which he finally received on June 15, 2009. This oversight contravenes DOC regulations, which provide that if a transferring inmate has legal materials, the documents must be transferred with the inmate.[2]

¶4 However, the thrust of the pleading is his claim that he did not receive a copy of the COCA opinion and only became aware of it when he was notified by a friend on June 31, 2009. He also notes that because the Tulsa County Jail has no law library, the only way to do legal research is to submit a full case citation to jail authorities, who then deliver the case to the inmate. He also alleges that, as of the filing date of his "Application For Writ of Certiorari Out of Time" (July 15, 2009), he had not received any legal mail after his transfer to the Tulsa County Jail. When he contacted the mail custodian at Hodgen, she claimed that she had no record of any mail from COCA and that any mail he had received had been returned to sender.

¶5 It is clear that the Supreme Court Clerk mailed the opinion; however, there is no record that any returned mail was received by the Clerk's office. Apparently, the opinion was either stored or discarded at Hodgen.[3] The appellee does not dispute the appellant's version of the events; she merely argues that because he did not file a notice of change of address as soon as he was transferred, he should not be permitted to file his petition for certiorari out of time.

¶6 Although the appellant did not file a notice of change of address with the Court as required by Rule 1.5(d),[4] Oklahoma De-

---

1. This Court has jurisdiction to recall a mandate when it clearly appears from the record that it was issued through inadvertence, mistake, or in violation of the rules of this Court. *See Thompson v. Nickle*, 1925 OK 337, ¶4, 239 P. 649.

2. Department of Corrections Policies, Facility Operations, Offender Property, OP–030120, VIII(B)(1) provides in pertinent part:

   Upon transfer ... allowed legal, religious, and arts/crafts material will be transported in a 24″ × 18″ × 16″ cardboard box or in the duffel bag....
   http://www.doc.state.ok.us/Offtech/op030120.pdf.

3. The Supreme Court Clerk is required to mail an opinion to the parties on the date shown by the Clerk's file stamp. Rule 1.4(g)(2), Oklahoma Supreme Court Rules, Title 12 O.S. Supp. 2008, Appx. 1. The court's record creates a rebuttable presumption that an order or opinion was sent to the parties affected. *See AT & T v. Land*, 1991 OK 109, ¶7, 819 P.2d 716; *McCullough v. Safeway Stores, Inc.*, 1981 OK 38, ¶4, 626 P.2d 1332.

4. Rule 1.5(d), Oklahoma Supreme Court Rules, Title 12 O.S. 2001, Appx. 1, provides:

   Address of Record. The address of record for any attorney or party appearing in a case pend-

partment of Corrections (DOC) policy requires that if an offender has been transferred, "legal mail will be forwarded to the offender's current facility."[5] There is a similar policy for released or paroled inmates, which requires all first class mail to be forwarded within twenty-four hours.[6] Federal regulations also mandate timely forwarding of prisoner mail. Title 28 C.F.R. § 540.25(e) provides that "staff shall use all means practicable to forward special mail." Special mail includes correspondence received from state courts.[7]

## ¶ 7 BECAUSE THE APPELLANT DID NOT RECEIVE ACTUAL NOTICE OF THE COCA OPINION UNTIL AFTER MANDATE HAD BEEN ISSUED, THE MANDATE IS RECALLED AND THE APPELLANT IS GIVEN LEAVE TO FILE HIS PETITION FOR CERTIORARI OUT OF TIME.

¶ 8 Actual notice of an appealable occurrence triggers the running of the appeal time,[8] and there is no duty to monitor the court's docket for appealable events unless certain events trigger such a duty.[9] A party proceeding *pro se* in a civil action or appeal is held to the same standards as an attorney.[10] Regardless, in instances involving both represented and unrepresented parties, we have routinely found that when there is a palpable problem with service, the appealable event is the date of actual notice.[11]

OK 112, ¶¶ 9–10, 925 P.2d 888; *Bushert v. Hughes*, 1996 OK 21, ¶ 20, 912 P.2d 334; *Grant Square Bank & Trust Co. v. Werner*, 1989 OK 126, ¶, 782 P.2d 109; *McCullough v. Safeway Stores, Inc.*, see note 3, supra at ¶ 6.

9. *Brooks v. Baltz*, 2000 OK 73, ¶ 6, 12 P.3d 467; *Heiman v. Atlantic Richfield Co.*, 1991 OK 22, ¶ 8, 807 P.2d 257; *McCullough v. Safeway Stores, Inc.*, see note 3, supra.

10. *Funnell v. Jones*, 1985 OK 73, ¶ 4, 737 P.2d 105.

11. *Agrawal v. Stall*, No. 106,173 (October 13, 2008)(the appeal was timely commenced by filing within thirty days of receipt of actual notice of the filing of the trial court's judgment); *Faust Corp. v. Stanfield*, No. 106,002 (December 1, 2008)(because service of the final order was not complete, time to appeal ran from time appellant's attorney obtained a copy of the order from the district court clerk); *Scott v. Avalon Correctional Services, Inc.*, No. 104,774 (October 1, 2007)(because delivery of judgment to attorney's box at the courthouse is not delivery that complies with *12 O.S. § 696.2* (B), appeal was timely commenced thirty days from actual notice of final order); *Latco, Inc. v. Bank of Commerce*, No. 104,294 (March 26, 2007)(appeal was properly commenced within thirty days of receipt of actual notice); *In re Application of Change of Name of A.N.F.*, No. 102,928 (February 2, 2006)(no district court record of mailing of order, so appeal was filed within thirty days of actual notice); *Williams v. Family Dollar Stores of Okla.*, No. 102,766 (January 10, 2006)(no district court record of the date of the mailing of the final order, so appeal was timely filed within thirty days of actual notice); *Harvell v. Goodyear Tire & Rubber Co.*, No. 102,128 (June 20, 2005)(no certificate of mailing, so appeal was timely filed within thirty days of actual notice); *Kruzhkov v. State of Okla.*, No. 101,852 (May 9,

ing before the Supreme Court, Court of Civil Appeals, or Court of Tax Review, shall be the last address provided to the court. The attorney or party representing himself or herself must, in all cases pending before the court involving the attorney or party, file with the court and serve upon all counsel and parties representing themselves a notice of a change of address. An address change made pursuant to this rule shall apply to all cases pending before the Supreme Court, Court of Civil Appeals, and the Court of Tax Review. The attorney or party representing himself or herself has the duty of maintaining a current address with the courts.

5. Department of Corrections Policies, Facility Operations, Correspondence, Publications, and Audio/Video Media Guidelines, OP–030117, IV(B)(6) provides:

If the offender has transferred, the legal mail will be forwarded to the offender's current facility.
http://www.doc.state.ok.us/Offtech/op030117.pdf.

6. Department of Corrections Policies, Facility Operations, Correspondence, Publications, and Audio/Video Media Guidelines, OP–030117, II(B)(7)(a) provides:

7. All facilities will maintain the forwarding address of offenders released or paroled on file for one year. Location of transfers will be obtained as needed from the offender record system.
a. First class, presorted first class, express mail and priority mail will be forwarded directly to the offender's current location within 24 hours of receipt, excluding weekends, holidays, and emergencies.
http://www.doc.state.ok.us/Offtech/op030117.pdf.

7. Title 28 C.F.R. § 540.2(c) (2009).

8. *Tidemark Exploration, Inc. v. Good*, 1998 OK 67, ¶¶ 5–6, 967 P.2d 1194; *Joiner v. Brown*, 1996

¶ 9 For instance, in *McCullough v. Safeway Stores, Inc.*, 1981 OK 38, 626 P.2d 1332, the trial judge granted a motion for summary judgment, but did not notify either party until about two months later. We held that the time to appeal ran from the time that the parties received actual notice of the order. In *Joiner v. Brown*, 1996 OK 112, 925 P.2d 888, the trial judge signed an order granting a motion to dismiss, but the defendant did not send a file stamped copy of the order to the plaintiff, despite counsel's agreement to send the order. The plaintiff was actually notified of the order about one month after it was filed. We held that because it was filed within thirty days of his receipt of actual notice, the plaintiff's appeal was timely.

■ ¶ 10 Here, COCA issued its opinion on May 21, 2009, and the mandate was issued on June 25, 2009. However, the DOC failed to act in accordance with its rules, and, as a result, the appellant did not receive actual notice of COCA's opinion until after mandate had issued. It is undisputed that the appellant did not timely file his notice of change of address, and that he did not receive actual notice of the opinion until June 31, 2009. His pleadings were filed on July 17, 2009—within twenty days of his receipt of actual notice.[12] Although each of the parties bear some degree of fault, the facts in this cause clearly merit the application of the principle that the time period ran from the date the appellant received actual notice. Because he filed his

pleadings within twenty days of his receipt of actual notice, the mandate is recalled, and the appellant is given leave to file his petition for certiorari out of time.

## CONCLUSION

¶ 11 It would have been difficult, if not impossible, for the appellant to request a copy of the opinion in Tulsa County Jail when he could not have known the citation of a COCA decision of which he had no prior notice. Because the DOC, in violation of its rules, did not forward the appellant's legal mail, the mandate is recalled, and the appellant is given leave to file his petition for certiorari out of time. We express no opinion on the merits of the appeal.

**MANDATE RECALLED; APPELLANT GRANTED LEAVE TO FILE PETITION FOR CERTIORARI OUT OF TIME.**

EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WATT, COLBERT, and REIF, J.J., concur.

TAYLOR, V.C.J., and WINCHESTER, J., dissent.

---

2005)(judgment was not mailed to appellant, so appeal was timely filed within thirty days of actual notice); *Krug v. Gardner*, No. 101,514 (September 16, 2005)(petition in error was not untimely because the record did not demonstrate mailing a copy of the judgment to the appellant); *Martin v. Chubb Nat. Ins.*, No. 100,557 (June 14, 2004)(no certificate of mailing in record to demonstrate that trial court order was mailed the same day it was filed, so appeal was properly brought within thirty days of actual notice of final order); *Barnett v. Hudson*, No. 100,342 (March 29, 2004)(trial court's order was not mailed to any of the parties, so prisoner's appeal was properly filed within thirty days of his and opposing counsel's receipt of a copy of the final order).

**12.** Rule 1.179(e), Oklahoma Supreme Court Rules, Title 12 O.S.2001, Appx. 1, provides:

Time to File Petition.
When no party seeks rehearing in the Court of Civil Appeals a petition will be deemed timely if filed with the clerk of the Supreme Court within twenty (20) days of the date the opinion was filed by the Court of Civil Appeals. When a party sought rehearing a petition for certiorari will be deemed timely if filed with the clerk of the Supreme Court within twenty (20) days of the date the order of the Court of Civil Appeals is filed that has denied all timely filed rehearing petitions. The time to file petition for certiorari shall not be extended. A petition for certiorari will be deemed filed when mailed if it complies with Rule 1.4(c) and (e).