2012 OK 34

WHITEHALL HOMEOWNERS, ASSOCIATION, INC., Plaintiff/Appellee,

v.

APPLETREE ENTERPRISE, INC., Chad Hui Zhu, Defendants/Appellants.

No. 110,263.

Supreme Court of Oklahoma.

April 16, 2012.

**¶ 0 ORDER DENYING APPELLEE'S MOTION TO DISMISS APPEAL**

¶ 1 The cause is before the Court on Appellants' petition for rehearing the Court's order that granted Appellee's motion to dismiss the appeal because of an untimely filed petition in error. We also have before us Appellee's response to the petition for rehearing. The petition for rehearing is granted.

¶ 2 Appellants' Petition in Error was filed January 4, 2012, and Appellee filed a motion to dismiss the appeal, and argued that the Journal Entry was filed in the District Court on December 2, 2011 and mailed to Appellants' counsel on that date. Appellee argues that the Journal Entry was mailed within three days as required by *12 O.S.2011 §§ 696.2* and 990A(A), and that the date for Appellants to bring an appeal commenced on December 2, 2011.

¶ 3 Title 12 § 990A states in part as follows:

An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformity with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order *to the appellant within three (3) days,* exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, *the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.*

*12 O.S.2011 § 990A* (A), emphasis added.

The language of the statute requires court records to reflect the service of a copy of the judgment, decree, or appealable order. Sec-

tion 696.2 also requires this three-day notice and filing the notice in the trial court: "A file-stamped copy of every judgment, decree, or appealable order shall be served upon all parties, ... promptly and no later than three (3) days after it is filed ... and a certificate of service must be filed with the court clerk."

*12 O.S.2011 § 696.2* (B), material omitted.

¶ 4 In *Tidemark Exploration v. Vaughn Good Compass Drilling,* 1998 OK 67, 967 P.2d 1194, we expressly rejected the argument that time to appeal would commence from the date the notice was filed in the court record when actual notice of the appealable event occurred prior to that date. *Tidemark,* at ¶ 5, 967 P.2d at 1195–1196. Strict compliance with the statute could not be used to extend the time to appeal after actual notice of the appealable event. However, today we are asked if § 990A may be applied and the time to appeal commence before actual notice of the appealable event when compliance with the notice provision of § 990A (A) has not occurred.

¶ 5 In *L'ggrke v. Sherman,* 2009 OK 80, 223 P.3d 383, we stated that: "Regardless, in instances involving both represented and unrepresented parties, we have routinely found that when there is a palpable problem with service, the appealable event is the date of actual notice." *Id.* ¶ 8, 223 P.3d at 385. We appended to this statement a footnote with citations to several unpublished orders where we explained that if there was no District Court record showing mailing a copy of the judgment or appealable order, then time to commence the appeal would begin on the date of actual notice to the party. *Id.* at n. 11.

¶ 6 This Court has explained that the Federal and State Due Process Clauses give an appellant a right to timely notice of the trial court's decision adjudicating appellant's case. *McCullough v. Safeway Stores, Inc.,* 1981 OK 38, 626 P.2d 1332, 1334. This Court also explained in *McCullough* that "where notice is one's due, it can never be judicially presumed from an utterly silent record." *Id.* 626 P.2d at 1334. This is one reason why the date of actual notice is often used to commence the time to appeal. We conclude that

when an appellant did not prepare the judgment, decree, or appealable order, and *12 O.S.2011 § 696.2* requires a copy of the judgment, decree, or appealable order to be served upon the appellant, then application of § 990A (A) to commence the time to appeal on the date the journal entry is filed in the District Court must be based upon the District Court record showing that notice was provided as specified by § 990A (A).

¶ 7 In the matter before us we have "an utterly silent record." A photocopy of a letter from Appellee's counsel to Appellants' counsel is attached to Appellee's motion to dismiss, and that letter states a mailing-date of December 2, 2011, and that a copy of the journal entry was enclosed with the letter. However, *nothing* shows that the letter or a certificate of service, or affidavit of service, was filed in the District Court. *The certified photocopy of the Journal Entry filed in the District Court that is before us has no certificate of mailing.*

¶ 8 When a fact is used in support of a motion that fact must be either "of record," *i.e.,* part of the record certified by the District Court Clerk, or that fact must be before this Court "supported by affidavit." Okla. Sup.Ct. R. 1.6(a). See, for example, *Eckel v. Adair,* 1984 OK 86, 698 P.2d 921, where the Court explained and applied language in former Supreme Court Rule 7, now found in Rule 1.6, and stated that a fact *"dehors* the appellate record" must be verified, and when not verified it is "of no effect." *Id.* 698 P.2d at 924–925. The letter of Appellee's counsel does not appear before us in a record certified by the District Court Clerk. Appellee's submission in this Court of a photocopy of counsel's letter without an a supporting affidavit adds nothing to the appellate record before us. Okla. Sup.Ct. R. 1.6(a). No disputed fact related to notice is involved, and this Court need not appoint a trial judge to make any findings concerning notice.[1]

¶ 9 Appellee does not dispute Appellants' affidavit on rehearing stating that the journal entry of judgment was received by Appellants on December 8, 2012. Generally, a deficient record may not be supplemented on rehearing. *Chamberlin v. Chamberlin,* 1986 OK 30, 720 P.2d 721, 724. This principle applies when a party attempts to use an affidavit on rehearing to change or impeach material that has been incorporated in the assembled record by the court clerk's certificate and transmitted to this Court. *Snyder v. Smith Welding and Fabrication,* 1986 OK 35, 746 P.2d 168, 171–172. However, this principle does not apply when an affidavit is filed in support of a petition for rehearing and is submitted for the purpose of showing that a court either possesses or does not possess appellate jurisdiction. *Pointer v. Hill,* 1975 OK 73, 536 P.2d 358, 361. The Court may thus consider Appellants' affidavit for the purpose of showing appellate jurisdiction. Nothing is before this Court to challenge the date of December 8th as the actual date of Appellants' notice of the appealable event. The petition in error filed January 4, 2012, is timely to challenge a journal entry filed December 2, 2011, when actual notice of the journal entry occurred December 8, 2011, and the District Court record is silent on whether § 990 A(A) notice occurred within three days of the date of the journal entry.

¶ 10 Appellee argues on rehearing that predecisional orders are not subject to rehearing. Okla.Sup.Ct.R. 1.13(g)(4). Further, that the Court's dismissal order is one of these predecisional orders and thus not subject to a petition for rehearing. The argument is incorrect.

¶ 11 A predecisional ruling adjudicates a point of practice or procedure that is, unless directed otherwise, subject to re-examination when the appeal is reached for final disposition. *Wetsel v. Independent School District I–1,* 1983 OK 85, n. 19, 670 P.2d 986, 994. An order *denying* a motion to dismiss an appeal is a predecisional order that may be renewed in the appeal when the denial was made without prejudice to its reconsideration. *L.C.R., Inc. v. Linwood Properties,* 1996 OK 73, 918 P.2d 1388.

---

1. In *McCullough v. Safeway Stores, Inc.,* 1981 OK 38, 626 P.2d 1332, 1334–1335, we explained that while this Court makes the ultimate determination with respect to the state and contents of an appellate record, it may direct the trial judge to make findings of fact related to notice of an appealable event provided to an appellant.

However, an order *granting* a motion to dismiss an appeal is an order adjudicating an appeal on procedural grounds and is subject to a petition for rehearing. *See, e.g., Bank IV Oklahoma, N.A. v. Southwestern Bank & Trust Co.,* 1997 OK 31, 935 P.2d 323 (rehearing was granted, previous dismissal order vacated, and the motion to dismiss appeal denied with prejudice to its renewal); *Liberty Bank & Trust Co. v. Rogalin,* 1996 OK 10, 912 P.2d 836 (rehearing granted, previous dismissal order erroneous and vacated, appeal dismissed as premature).

¶ 12 We conclude that noncompliance with § 990A (A) results in a time to commence the appeal starting when Appellants received actual notice. Appellants' petition in error was timely filed. The motion to dismiss filed by Appellee, Whitehall Homeowners Association, Inc., based upon allegations of untimely filing of the petition in error, is denied *with prejudice* to its reconsideration or renewal in this appeal. *L.C.R., Inc. v. Linwood Properties,* 1996 OK 73, 918 P.2d 1388.

¶ 13 Appellants' petition for rehearing is granted, the order of this Court issued on February 21, 2012, dismissing the appeal is vacated, Appellee's motion to dismiss the appeal for an untimely filed petition in error is denied with prejudice to its reconsideration, and Appellants' appeal shall proceed.

¶ 14 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS *16th* DAY OF APRIL, 2012.**

¶ 15 KAUGER, EDMONDSON, REIF, COMBS, GURICH, JJ., concur.

¶ 16 TAYLOR, C.J., COLBERT, V.C.J., WATT, WINCHESTER, JJ., dissent.