IN RE AMENDMENT TO 12 O.S. CH. 15 APP. 1 RULES OF OKLAHOMA SUPREME C0URT
2023 OK 55
Decided: 05/08/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 55, __ P.3d __

 
In re AMENDMENT to 12 O.S. CH. 15, APP. 1, RULE 1.21, RULES OF THE OKLAHOMA SUPREME COURT

ORDER 

¶1 The Court hereby amends paragraph (a) of Oklahoma Supreme Court Rule 1.21, 12 O.S.2021, Ch. 15, App. 1, as follows (additions indicated by underline, deletions indicated by strikeout):

(a) District Court Appeals.

An appeal from the district court may be is commenced by filing a petition in error with the Clerk of the Supreme Court after a within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.3was is filed with the clerk of the district court. 12 O.S. § 990A

The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. §696.2

The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.

If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. § 990A(A); Owens v. Owens, 2023 OK 12. and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. § 990A. See Tidemark Exploration, Inc. v. Good, 1998 OK 67967 P.2d 1194.

For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.

The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF MAY 2023.

/S/CHIEF JUSTICE

CONCUR: KANE, C.J., ROWE, V.C.J., GURICH, DARBY and KUEHN, JJ.

DISSENT: KAUGER, (by separate writing), EDMONDSON and COMBS, JJ.

NOT VOTING: WINCHESTER, J.

 

 

KAUGER, J., dissenting, with whom COMBS, J., joins:

I.

¶1 Title 12 O.S. 2011 §990AOwens v. Owens, 2023 OK 12

The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

Because our rules have the same force and effect as statutes, article 5 §54 can be read to substitute "rule" for "statute" to provide:

The repeal of a rule shall not revive a rule previously repealed by such rule, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed rule.

¶2 A civil action is commenced by filing a petition with the court.Owens, supra.

¶3 This result ignores art. 5, §54 in which "proceedings begun" means when a cause is filed in the district court. It is pending and should receive the benefit of the decision. The amended rule is silent on the prospective question. Prospective needs to be applied to all pending cases whether in the trial court or on appeal to prevent further chaos.

II.

¶4 My second concern is that the proposed rule is in derogation of the existing statute, 12 O.S. 2011 §990A

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.

The proposed amended rule provides in pertinent part:

RULE 1.21 - COMPUTATION OF TIME FOR COMMENCEMENT OF APPEAL

(a) District Court Appeals

An appeal from the district court may be is commenced by filing a petition in error with the Clerk of the Supreme Court after a within thirty days from the date of the judgment, decree, or appealable order prepared in conformance with 12 O.S. §696.3was is filed with the clerk of the district court. 12 O.S. §990A

. . .If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. 990 A(a); Owens v. Owens, 2023 OK 12. and the court record do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order; the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. §9901998 OK 67967 P.2d 1194

¶5 The Court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy.Owens. However, that was an appeal to the Legislature to make statutory changes and to establish a 30-day rule for all appeals -- not the court to do so arbitrarily.

III.

¶6 A third concern is that the elimination of the actual notice exception will result in confusion and uncertainty regarding the finality of judgments. A successful litigant may reasonably believe that when a judgment is hand-delivered in court to the appellant, the requirement in §990A for court records to show that the judgment "was served" upon the appellant has been satisfied. After complete enforcement of the judgment, the successful litigant and any third parties relying on the validity of the served judgment may discover that appellant has filed a timely appeal years after service of the judgment. In addition to appellees, trial courts concerned about finality of their judgments will have the additional burden of ensuring the filing of a "proof of service" even in cases where the judgment is handed to the appellant. Even with an application of Owens only to judgments entered after Owens, so that successful litigants should be aware of the strict requirement to file a proof of service even where the appellant is present, inequities could result when an unsuccessful litigant sits on their right to appeal for years where the appellee did not file the proof of service.

¶7 The proof of service requirement in section 990A only applies "[i]f appellant did not prepare the judgment, decree, or appealable order." If appellant prepared the appealable order, the appeal time runs from the date the order is filed. It is not always clear if the order was prepared by the appellant, appellee, trial court, or all three, even where the court directs preparation by a certain party. These varying situations cause uncertainty as to the need for a record proof of service. Also, juvenile dockets and certain other dockets are not public and a third party may not be able to determine if a proper proof of service was filed.

¶8 Until the appeal time has run, there is a question as to the finality of the judgment. If the proof of service is inadequate, the judgment may not be relied on as final. In many cases, executions on judgments will be called into doubt based on uncertainty regarding the need for, existence of, or sufficiency of a proof of service. The rights of third parties relying on a certified copy of a judgment in garnishments, attachments, and foreclosures will be affected.

¶9 Title examiners and other third parties, such as banks and oil companies, may need to determine the validity and necessity of the record proof of service. Issues may arise concerning whether a defect such as failure to fill in the date or address is an insufficient certificate; whether the mailing was to the last known address; whether the required written consent and electronic service instructions were provided in a pleading; whether a sheriff's return of service on an individual at a place of business was sufficient; and various other matters arising from service certificates.

¶10 Where the record proof of service is defective or nonexistent, unless equitable defenses are applied, there is apparently no cutoff and the appeal time will run until 30 days after a proper proof is filed, or forever. With actual notice, the appellant's notice of the judgment starts the appeal time and the cutoff is in 30 days. At that point the appeal time has run, and the judgment is final.

¶12 It is foreseeable that this Court will ultimately be required to consider equitable doctrines such as laches, waiver, and estoppel to prevent such uncertainty regarding judgments. The actual notice exception effectively prevented this result. I previously warned of the chaos that Owens could cause--to no avail. Everything is interconnected, and the ripple effect on the judiciary creates more problems than it solves. This is what happens when decades of precedent are overruled without full awareness of the consequences.

CONCLUSION

¶13 I reiterate my objections to Owens, as follows:

¶1 I disagree with the majority's abrupt reversal of our holdings in Tidemark Exploration, Inc.v. Good, 1998 OK 67967 P.2d 1194Whitehall Homeowners Ass'n Inc. v. Appletree Enterprise, Inc., 2012 OK 34277 P.3d 1266State v. Cedars Group L.L.C., 2013 OK 99320 P.3d 2312 O.S. 2011 §990A

¶2 Court rules and Administrative rules are valid expressions of lawmaking powers and have the full force and effect of law.

¶3 The judicial construction becomes an integral part of the statute. Upon completion of the compilation of the statutes and approval by the Court, all the laws contained therein become the laws of the state.

 

¶4 Obviously §990A needs attention. The three day rule causes more problems than it solves, and a bright line may be helpful. (It would also be helpful if all petitions for relief were uniformly set at 30 days regardless of the forum.) However, for the last 25 years, the bench and bar have relied on the Court's Tidemark interpretation to include actual notice.

¶5 The statute has been recodified two or three times. If the Legislature were dissatisfied with the Tidemark interpretation, it has had decades to correct it. Amendment to §990A is for the Legislature, not this Court. Such an abrupt change could cause chaos -- not to mention the obliteration of the sufficiency of actual notice.

FOOTNOTES

12 O.S. 2011 §990A

. . .C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal: . . .

12 O.S. 2011 §2004

A. SUMMONS: ISSUANCE. Upon filing of the petition, the clerk shall forthwith issue a summons. Upon request of the plaintiff separate or additional summons shall issue against any defendants. . .

Fulsom v. Fulsom, 2003 OK 96

Cole v. State ex rel. Dept. of Public Safety, 2020 OK 67473 P.3d 467

12 O.S. 2011 §990A

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant. The filing of the petition in error may be accomplished either by delivery or mailing by certified or first-class mail, postage prepaid, to the Clerk of the Supreme Court. The date of filing or the date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error.

C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal:

1. For the filing of cross-appeals;

2. The procedure to be followed by the trial courts or tribunals in the preparation and authentication of transcripts and records in cases appealed under this act; and

3. The procedure to be followed for the completion and submission of the appeal taken hereunder. . . .

Bertrand v. Laura Dester Center, 2013 OK 18300 P.3d 1188Estes v. ConocoPhillips Co., 2008 OK 21184 P.3d 518Renfrow v. Ittleson, 1925 OK 403236 P. 585

Suldbury v. Deterding, 2001 OK 1019 P.3d 856Special Indemnity Fund v. Bedford, 1993 OK 60852 P.2d 150

Estes v. ConocoPhillips Co., see note 2 at ¶11. See also, 75 O.S. 2011 §308.5 which provides:

A. No agency rule is valid or effective against any person or party, or may be invoked by the agency for any purpose, until it has been promulgated as required in the Administrative Procedures Act.

B. A proceeding to contest any promulgated rule on the ground of noncompliance with the procedural requirements of Article I of the Administrative Procedures Act must be commenced within two (2) years from the effective date of the promulgated rule.

C. Rules shall be valid and binding on persons they affect, and shall have the force of law unless amended or revised or unless a court of competent jurisdiction determines otherwise. Except as otherwise provided by law, rules shall be prima facie evidence of the proper interpretation of the matter to which they refer.

Ex Parte Haley, 1949 OK 218210 P.2d 653Atchley v. Board of Barber Examiners of State, 1953 OK 146257 P.2d 302

Compsource Mut. Ins. v. State ex rel. Okla. Tax Comm'n, 2018 OK 54435 P.3d 90Suldbury v. Deterding, see note 3, supra.