## DIACON v. BANK OF COMMERCE OF COWETA.

No. 1094.   Opinion Filed November 14, 1911.

(119 Pac. 204.)

APPEAL AND ERROR — Briefs — Sufficiency — Dismissal.   Where the plaintiff in error does not comply with that part of rule 25 of the Supreme Court (20 Okla. xii; 95 Pac. viii) which provides, ''The brief of plaintiff in error in all cases except felonies shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court,'' his appeal will be dismissed.

(Syllabus by the Court.)

*Error from Wagoner County Court; W. T. Drake, Judge.*

Action by F. C. Diacon against the Bank of Commerce of Coweta.   From the judgment, Diacon brings error.   Dismissed.

*R. E. Burns,* for plaintiff in error.

KANE, J.   Counsel for plaintiff in error says in his brief (there is no brief for defendant in error) that "the law governing all questions has long been recognized as fundamental principles so well settled and adjudicated" that he deems it useless to give authorities; "that each and every exception and objection to the ruling of the court is well taken, and that this court from a perusal of the transcript will sustain plaintiff in error in his contention, and reverse and remand this action as prayed for by plaintiff in error."

Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii) provides:

"The brief of the plaintiff in error in all cases except felonies shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

Counsel has not complied with this rule in any particular, and for failure to do so his appeal must be dismissed.

It is so ordered.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent and not participating.