## EBEY, *Receiver,* v. KRAUSE.

No. 2394.    Opinion Filed March 11, 1913.

Rehearing Denied April 1, 1913.

(130 Pac. 1100.)

**APPEAL AND ERROR—Defective Briefs—Affirmance.**    Affirmed on account of failure of plaintiff in error to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii).

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by W. H. Ebey, as receiver of the Citizens' Bank & Trust Company, against M. W. Krause. Judgment for defendant, and plaintiff brings error. Affirmed.

Ebey, Receiver, v. Krause.

*Clinton A Galbraith,* for plaintiff in error.

KANE, J.   This was an action by the plaintiff below, as receiver of an insolvent bank, against the defendant, an incorporator and stockholder thereof, to enforce against him his statutory liability to the creditors and depositors of the bank growing out of that relation.   As stated in the brief of counsel for plaintiff in error (there is no brief on behalf of defendant in error), the court below found that the defendant in error, while he had been an incorporator and original subscriber to the capital stock of the insolvent corporation, had sold out his stock and therefore relieved himself of liability, and decreed in his favor accordingly.   As stated by counsel, the assignments of error relied upon "present but one question, and that is really the only question in this case, namely, Did the defendant in error relieve himself of the obligations he assumed by subscribing for the capital stock and becoming one of the incorporators, officers, and directors of the insolvent corporation by the action he claims to have taken?"   It is obvious that in order to review that question it would be necessary to examine the record and the evidence upon which the court below based its conclusion.

Rule 25 of this court (20 Okla. xii, 95 Pac. viii) requires that the brief of the plaintiff in error "shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."   And it further provides that:

"A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall print so much of the evidence as he claims to have that effect."

The brief in the instant case is entirely wanting in all of the foregoing particulars.   For failure to comply with the rule quoted, the court declines to review the assignments of error set out in the brief.

The judgment of the court below is therefore affirmed.

HAYES, C. J., and TURNER, J., concur; WILLIAMS and DUNN, JJ., absent, and not participating.