### FINCH v. ROSE.

No. 4603.　Opinion Filed January 13, 1914.

Released for Publication January 14, 1915.

APPEAL—Failure to File Briefs. Affirmed on account of failure of plaintiff in error to comply with rule 25 of this court (20 Okla. 12, 95 Pac. 8.)

(Syllabus by the Court.)

*Error from District Court, Roger Mills County;*

*E. D. Tracey, Special Judge.*

*Moore & Mouser,* for plaintiff in error.

*D. F. Tracey,* for defendant in error.

WILLIAMS, J.    Rule XXV of this court requires that the brief of the plaintiff in error:

"* * * shall contain an abstract or abridgement of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

In this proceeding in error the action of the trial court in dismissing an appeal from a justice of the peace court on account of a defect in the appeal bond is sought to be reviewed. The body of the appeal bond is nowhere set out in plaintiff in error's brief, and we are unable to determine whether there was error committed without examining the case-made. This court has repeatedly held that when the plaintiff in error fails to comply with this rule the proceeding will either be dismissed or the judgment of the lower court affirmed. (*Ebey v. Krause,* 35 Okla. 689; *Seminole Township Co. v. Town of Seminole et al., Id.,* 554; *Scoville et ux. v. Powell et al.,* 33 Okla. 446; *Lawless v. Pitchford, Id.,* 633; *Williams v. Haycraft, Id.,* 697; *Fire Assn. of Philadelphia v .Bryant & Whistler et al., Id.,* 698; *Arkansas Valley Nat. Bank v. Clark,* 31 Okla. 413.)

The defendant in error in its brief raises the question as to the deficiency in the abstract or brief of the plaintiff in error, but no move on his part has been made to correct the same.

It follows that the judgment of the trial court must be affirmed.

All the Justices concur.