## HARDRIDGE et al. v. SMITH.

No. 7025—Opinion Filed May 21, 1918.

Rehearing Denied July 16, 1918.

(173 Pac. 818.)

**Indians—Recovery of Allotment—Contract for Attorney's Fees—Consideration—Validity.**

Where an attorney, under a void contract with a minor, renders service for said minor in recovering his allotment of land, which had been sold by said allottee during his minority and also by his guardian, and where said Indian citizen, reaching his majority before the judgment obtained for him becomes final, and all restrictions upon the alienation of his lands are removed, he then standing upon an equality with any other citizen of said state with reference to the disposition or incumbrance of his allotted land, makes a new contract with his attorney to give him one-half of the land recovered or its value for said services rendered and to be rendered, held, such contract is not violative of any statute, and, when freely and voluntarily made, is valid and enforceable.

(Syllabus by West, C.)

Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.

Suit by Herbert E. Smith against Edmund Hardridge and others, to enforce an attorney's employment contract executed by defendant Hardridge. Judgment for plaintiff, and defendants bring error. Affirmed.

E. M. Carter and James M. Hays, for plaintiffs in error.

Herbert E. Smith, for defendant in error.

Opinion by WEST, C. Parties will hereinafter be referred to as they appeared in the court below.

This suit was instituted in the district court of Okmulgee county by plaintiff against defendants to enforce an attorney's employment contract executed by defendant, Edmund Hardridge, to plaintiff. It appears that Edmund Hardridge was a member of the Creek Nation, and as such received an allotment. During his minority he had conveyed this allotment by deed, and the same had also been sold by his guardian, and the purpose of the employment contract was to obtain the services of the plaintiff to recover possession of said allotment and cancel and set aside all conveyances which were clouds upon his title. At the time of the making of the original contract the defendant Edmund Hardridge was a minor, the contract having been made by him and by his next friend with the plaintiff. Suit was filed

and judgment obtained in favor of Edmund Hardridge in that case before he became of age. After judgment was had in defendant Hardridge's favor, and before the same became final, and after said Hardridge had reached his majority, he executed a second contract with the plaintiff, one clause of which being as follows:

"First. That said party hereby agrees to pay to second party a fee for his services rendered herein, an amount equal to one-half part of said land above described, and that said tender being made to said first party agrees to give said second party deed to eighty acres of said land, same to be from the surplus allotment."

Upon the trial of the cause, there being other parties defendant who had certain claims or liens upon the land, the trial court found that plaintiff was entitled to a fee of one-half of the value of the land, less certain incumbrances, which the court fixed at the amount of $640, and was entitled to have the same declared and impressed as a lien upon the allotment of the said defendant Edmund Hardridge, describing the same. From this action of the court defendants have prosecuted their appeal, and have assigned a number of errors. The brief of plaintiff in no way complies with rule No. 26 of this court, and, under the holding announced in case of Ebey, Receiver, v. Krause, 35 Okla. 689, 139 Pac. 1100, and cases following this doctrine, the appeal is subject to be dismissed. However, upon a careful consideration of assignments of error, we deem that one assignment is decisive of this case. That is, that the attorney's contract involved is void and of no effect, and not enforceable against the defendant Hardridge, and could not be impressed as a lien upon his surplus allotment. It being contended that the first employment contract made with the defendant while a minor was void, likewise the second contract which the defendant Hardridge made after arriving at his majority, which in effect carried out the terms of the original contract, was also void. It is also contended that the provision of the contract providing for a part of the surplus allotment, not specifying which particular part thereof the attorney should have under his employment contract, was too vague and indefinite, and was incapable of being enforced. The court, however, did not decree the plaintiff any particular part of the land, but found only that he was entitled to an attorney's fee as provided by his contract, finding what the amount should be, and declaring it to be a lien upon his entire surplus allotment. We think the judgment of the court disposes of this last-mentioned contention.

We will now consider the first proposition, which we believe decisive of this case, that is, as to whether or not the last contract was void and nonenforceable. In the case of Catron v. Allen, 61 Okla. 306, 161 Pac. 829, this court in first and second paragraphs of the syllabus lays down the following rule:

"1. A deed to a part of the allotment of a Cherokee citizen of three-sixteenths blood, before attaining his majority, and after Act Cong. May 27, 1908, c. 199, 35 Stat. 312, 313, took effect, is absolutely void, as violative of section 5 of said act.

"2. A Cherokee allottee, April 1, 1910, while a minor, in consideration of the payment of the purchase price, executed a deed for a part of his allotment, and on March 14, 1914, after he became of age, executed a second deed to the same grantee, for a consideration of $26, 'in hand paid,' and 'for the purpose of ratifying' the deed of April 1, 1910. Held, that such second deed was not violative of the provisions of the governing statute, section 5 of the act of Congress of May 27, 1908, and conveyed title to the grantee."

In the body of the opinion the court quotes the following excerpt from the case of Welch v. Ellis et al., reported in 63 Okla. 158, 163 Pac. 321, as follows:

"It will be observed that none of the acts of Congress removing restrictions attempt to make the right to convey, after restrictions are removed, depend upon the adequacy of the consideration received by the grantor. In that respect, after the restrictions upon alienation are removed, the Indian citizen stands upon the same equality with the ordinary citizen of the state. Mere inadequacy of price, or any other inequality in the bargain, is not per se a ground to avoid his deed, either in equity or by the terms of the statute. Practically all the local authorities cited by counsel for plaintiff in support of their contentions construe section 16 of the Creek Supplemental Agreement (32 Stat. 500, c. 1323), and section 19 of the act of April 26, 1906. As we hold that section 5 of the act of May 27, 1908, is controlling in the case at bar, we do not deem the cases of that class cited by counsel to be in point. On the other hand, there is a line of cases wherein deeds executed subsequent to the act of May 27, 1908, were involved, in which it is unqualifiedly held that inadequacy of consideration alone does not constitute an equitable ground for setting aside such deedse, and that the provision of section 5 of the act of May 27, 1908, does not affect a deed made after all restrictions upon the alienation of the lands therein described were removed. Lewis v. Allen, 42 Okla. 584, 142 Pac. 384; Henley v. Davis, 57 Okla. 45, 156 Pac. 337; McKeever v. Carter et al., 53 Okla. 360, 157 Pac. 56. So we conclude that, upon plaintiff attaining his majority, the whole legal title to his lands

vested in him; that thereafter he could dispose of it as he saw fit, give it away, or sell it for any consideration, either legal or moral, which seemed to him sufficient. As the plaintiff herein voluntarily conveyed his land after attaining his majority, he cannot now, after the lapse of many years, repudiate the conveyance upon any except the ordinary equitable grounds. This latest deed to his surplus allotment not being violative of any statute, and there being no equitable grounds for setting it aside alleged or proven, it must stand."

Sections 926, 927, and 935, Rev. Laws 1910, are as follows:

"926. Good Consideration Defined. Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

"927. Moral or Legal Obligation on Promisor Good as Consideration. An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise.

"935. Same—Burden of Proof. The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

It would therefore appear that, notwithstanding the original employment contract, made by the defendant, Hardridge when he was a minor, was void, nevertheless, after reaching his majority, all restrictions as to the alienation of his surplus allotment being removed, and the whole legal title in the land in question being vested in him, he could thereafter dispose of it and incumber it as he saw fit, and the contract in question, securing to him the services of his attorney, being in the nature of continuing services, the judgment of the court at the time of the execution of the last contract not being final, and the minor having received benefits under the first contract for which he may have felt morally obligated to pay, would be a sufficient consideration to support the last-mentioned contract, and said defendant Hardridge, could for the purpose of discharging this obligation, incumber his unrestricted allotment. As the evidence discloses that the defendant Hardridge voluntarily made the new contract after attaining his majority, said last contract, not being violative of any statute, is in all things valid and enforceable.

It would necessarily follow that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.