Note.—See under (1) 31 Cyc. pp. 78, 79. (2) 31 Cyc. p. 289. (3) 31 Cyc. p. 289.

---

### RENFROW v. ITTLESON et al.

No. 14507—Opinion Filed May 19, 1925.

#### Appeal and Error—Rules of Court—Briefs—Dismissal.

Rules of this court are promulgated for the purpose of enabling the members of the bar by their observance thereof to expedite the work of the court. They are based on past experience and are designed to be salutary in operation. They have the force and effect of statutes. Rule 26 of this court is clear and explicit in its requirements concerning the preparation of briefs and the matters to be therein contained. Where a plaintiff in error makes no effort to conform his brief to the requirements of this rule, and defendant in error files a motion to dismiss for that reason, such motion will be sustained.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Charles Renfrow against Henry Ittleson, Phillip Haberman, Claude L. Hemphill and Edwin C. Vogel, trustees, doing business as the Commercial Investment Trust, and R. L. Williams, to recover possession of one Nash touring car. Judgment for defendants, except R. L. Williams, and plaintiff brings error. Dismissed.

This action was commenced June 7, 1922, by plaintiff filing his petition in the district court of Oklahoma county to recover the immediate possession of one 1921 model Nash touring car, motor No. 87095, and to foreclose a chattel mortgage thereon. Attached to plaintiff's petition is a copy of the mortgage on which he relies, which contains this recital:

"That the said mortgagor hereby mortgages to the said mortgagee the following de-

scribed personal property, to wit: 1, 1921 model, Nash touring car, motor No. 87095, subject to a mortgage of $741.20 given to the Southwest Nash Motor Company on November 8 covering the same car."

Plaintiff's mortgage was filed for record in the office of the county clerk November 9, 1921, at 2 o'clock p. m. The conditional sales contract of the Southwest Nash Motor Company, which was referred to in plaintiff's mortgage as a mortgage, was filed for record in the county clerk's office November 9, 1921, at 11:30 a. m. R. L. Williams purchased the car from the Southwest Nash Motor Company, and executed the conditional sales contract to that company, and also the chattel mortgage on which plaintiff relied. Defendants Henry Ittleson, Phillip Haberman, Claude L. Hemphill and Edwin C. Vogel, trustees, took an assignment of the conditional sales contract of the Southwest Nash Motor Company, and were the holders of said contract and of the note secured thereby, in due course and before maturity. A jury was waived and the case tried to the court, resulting in a judgment in favor of the plaintiff and against the defendant R. L. Williams, for the sum of $1,-000, the amount of the note secured by plaintiff's mortgage, and in favor of the other defendants upon their cross-petition, determining their lien to be prior and superior to the lien of the plaintiff, and denying to plaintiff the possession of the property in controversy. After unsuccessful motion for new trial, plaintiff has brought the case here by petition in error with case-made attached for review.

O. T. Shinn, for plaintiff in error.

Ames, Lowe & Richardson, for defendant in error.

Opinion by LOGSDON, C. This proceeding was once dismissed by this court for failure of plaintiff to file brief, but on his application that dismissal was vacated, and the case reinstated, and plaintiff was granted leave to file a typewritten brief. Defendants in error have now filed a motion in this court to dismiss this proceeding, for the reason that in the brief of plaintiff no effort has been made to comply with the requirements of rule 26 (87 Okla. xxiii) of this court. An examination of plaintiff's brief fully sustains this contention. It contains no abstract or abridgment of the transcript, and does not set forth the material parts of the pleadings and proceedings relied on, nor does it state any facts from the

record which would give this court a clear understanding of the contentions made. There are no specifications of error set out in the brief and separately stated and numbered, nor any effort made in any other respect to assist this court in a consideration of this case by compliance with the provisions of said rule 26. Upon the authority of Diacon v. Bank of Commerce of Coweta, 29 Okla. 737, 119 Pac. 204; Ebey, Rec., v. Krause, 35 Okla. 689 130 Pac. 1100; Dickson v. Lowe, 38 Okla. 216, 123 Pac. 354; Worrell v. Fellows, 39 Okla. 769, 136 Pac. 750, and numerous other decisions of this court, announcing the same rule, this proceeding should be dismissed for failure to comply with rule 26 of this court.

It may be said, in connection with this dismissal, that it effectuates a proper and rightful determination of this case on the merits by leaving in full force and effect the judgment of the trial court. The only question involved in this proceeding, which goes to the merits of the case and to the substantial rights of the parties, is that of priority between the lien of the plaintiff under his chattel mortgage and the lien of defendants under their assignment of the conditional sales contract. Since the mortgage of plaintiff expressly shows upon its face that it was given subject to the prior lien of the Southwest Nash Motor Company and since the record discloses that the lien of the Southwest Nash Motor Company, was filed for record about three hours and a half prior to the filing of plaintiff's mortgage, the judgment of the trial court determining that the lien of defendants under the conditional sales contract was prior and superior to the lien of plaintiff under his chattel mortgage was unquestionably correct under the law and did substantial justice between the parties. Plaintiff has his personal judgment against the defendant R. L. Williams for the amount of his indebtedness and his chattel mortgage has been established and foreclosed as a second lien against the property. This is all that plaintiff could legally be entitled to under the facts shown in this record.

For failure of plaintiff in the preparation of his brief to observe the requirements of rule 26 of this court, this proceeding is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 1407. 1408; 15 C. J. p. 909; 2 R. C. L. p. 177; 1 R. C. L. Supp. p. 426; 4 R. C. L. Supp. p. 88.