Bobby D. HAGAR, Appellee,

v.

**GOODYEAR TIRE AND RUBBER CO., Appellant/Garnishee.**

No. 73294.

Supreme Court of Oklahoma.

April 20, 1993.

Hyman Z. Copeland, Inc. by Hyman Z. Copeland, Lawton, for appellee.

Godlove, Joyner, Mayhall, Dzialo, Dutcher & Erwin by Edward W. Dzialo, Jr., Lawton, for appellant.

HODGES, Chief Justice.

The sole issue before this Court is whether a default judgment entered in a garnishment proceeding without notice to the defaulting party is valid when the name and the address of the party or the party's attorney is readily available. We find that it is not.

Bobby Hagar, plaintiff, recovered a judgment against defendant Michael Meeks. On the ninth, fifteenth, and twenty-second

of December, Hagar issued garnishment summons on Goodyear Tire and Rubber Company (Goodyear), Meeks' employer. Goodyear answered each of the summons and sent a check to the court clerk. Then on December 29th and January 5th and 12th, Hagar again issued garnishment summons on Goodyear.

Each of the garnishment summons stated that an answer was due within ten days. The garnishment summons also stated: "[I]n case of your failure to [pay the moneys owed] you will be liable to further proceedings according to law, and judgment shall be rendered against you...."

On January 25, 1989, Meeks filed a bankruptcy petition. On January 26, 1989,[1] the trial court entered a default judgment against Goodyear for failing to pay the December 29, January 5, and January 29 garnishment summons. A motion for default judgment is not in the record. The judgment reflects that the motion was made on January 23, 1989, and therefore must have been oral. It is uncontested and the record reflects that neither notice of the motion nor notice of the judgment was sent to Goodyear.

On February 3, 1989, Notice of Automatic Stay was filed with the trial court. On March 16, 1989, a garnishment summons issued against Goodyear. Notice of the garnishment summons was sent to Goodyear and Goodyear's bank. On March 27, 1989, Goodyear filed a Motion to Vacate Default Judgment and Motion to Quash Garnishment Summons. The trial court overruled these motions. Goodyear appealed.

The Court of Appeals found that Goodyear failed to answer the garnishment summons and that the trial court correctly entered judgment against Goodyear based on Okla.Stat. tit. 12, § 1179 (1981). We granted certiorari.

■ Goodyear argues that section 2006(C) and 2007(B) of title 12 and District Court rules 4 and 10 require that a motion for default judgment be made in writing and notice be given to the opposing party. Sections 2006(C) and 2007(B) and rule 4 address motions generally. Rule 10 specifically addresses default judgments relating to garnishment proceedings. Because rule 10 has the force and effect of a law[2] and is more specific, it controls over the other statutes and rules.[3]

Rule 10 of the District Court Rules provides:

[D]efault shall not be taken until a motion therefor has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default.... [N]otice of taking default is not required in [any garnishment proceeding] even if the defaulting party has made an appearance....

Therefore, rule 10 does not require notice of taking default in the present case.

■ Even though rule 10 does not require notice be given in the present case, due process does. In *Bailey v. Campbell*, 829 P.2d 667 (Okla.1991), this Court held that due process required notice before taking default when a responsive pleading appeared in the record. As this Court stated in *Bailey:*

Notice is a jurisdictional requirement and a fundamental element of due process. Due process requires adequate notice, a realistic opportunity to appear and the right to participate in a meaningful manner. The right to be heard is of little value unless a party is apprised of rights which may be affected by judicial process. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action. Lack of notice con-

---

**1.** Hagar argues that judgment was entered on January 23, 1989. However, there is nothing in the record to support this contention.

**2.** *See Renfrow v. Ittleson,* 110 Okl. 109, 236 P. 585 (1925).

**3.** *See Lindsey v. Kingfisher Bank & Trust,* 832 P.2d 1, 3 (Okla.1992).

stitutes a jurisdictional infirmity.... *When the name and address of a party or attorney is readily available, notice is a prerequisite to valid proceedings.*

(Emphasis added; citations omitted.)

In the present case, Goodyear had answered three garnishment summons. Its name and address were readily available. Hagar did not send notice of the motion for default, notice that default was being taken, or notice of the judgment to Goodyear. Under these facts, we find that the default judgment entered in Hagar's favor against Goodyear was invalid.

Hagar argues that the warning in the summons that failure to pay the moneys owed could result "in further proceedings according to law" and judgment against Goodyear was sufficient notice. We disagree. This statement was not sufficient to apprise Goodyear of the pendency of the motion for default judgment. From the warning Goodyear was not apprised of the need to respond.

Because Goodyear should have been given notice of the pendency of the default judgment and was not, the trial court should not have entered judgment.

COURT OF APPEALS' OPINION VACATED; DISTRICT COURT'S JUDGMENT REVERSED; CAUSE REMANDED.

HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

LAVENDER, V.C.J., and SIMMS and OPALA, JJ., dissent.