2013 OK 99

STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,

v.

CEDARS GROUP, LLC, an Oklahoma Limited Liability Company/Appellant; the Oklahoma County Treasurer; Centoma, an Oklahoma Limited Partnership/Appellant; Dollar General Stores; Bush, Ltd. d/b/a Deer Creek Texaco/Appellant; A. Sam Coury, an individual/Appellant; Dolgencorp, Inc.; Nbanc; Commercial Federal Bank; Spiritbank; and First United Bank and Trust Co., Defendants/Appellants.

No. 109,943.

Supreme Court of Oklahoma.

Nov. 26, 2013.

James E. Warner III, Holladay & Chilton, PLLC, Oklahoma City, Oklahoma, for the Appellee.

Joan A. Renegar and Gregg R. Renegar, Kornfeld, Franklin Renegar & Randall, Edmond, Oklahoma, for the Appellants.

## THE OPINION OF THE COURT OF CIVIL APPEALS is VACATED; THE TRIAL COURT'S ORDER IS REVERSED.

EDMONDSON, J.

¶1 We must determine whether the three-day mailing rule of 12 O.S.2006(D) applies to defendants'/appellants' post-trial motions for costs and attorney fees filed in the trial court.[1] We answer in the affirmative. A jury verdict was rendered in favor of the defendants in a condemnation action on February 17, 2011. The award was at least ten percent greater than the award of the commissioners, so attorney fees and costs were recoverable pursuant to 27 O.S. 11 and 66 O.S. 55(D). Counsel for the plaintiff, Oklahoma Department of Transportation (ODOT), drafted the journal entry and sent it to the defendants' counsel for signature. The judgment was filed with the court clerk on April 18, 2011, and counsel for ODOT mailed a file-stamped copy of the judgment to the defendants on April 20, 2011. It was received by them on April 21, 2011. No certificate of service was filed with the court clerk as required by 12 O.S. 696.2(B).[2]

¶2 On May 20, 2011, the defendants filed motions for costs and attorney fees pursuant to 12 O.S. 696.4(B).[3] On June 6, 2011, ODOT filed a motion to strike the applications be-

cause they were not filed within thirty (30) days from the date the judgment was filed and no extension of time was sought within the thirty (30) day period. ODOT maintains that because the defendants received actual notice of the filing within three days, their time to file post-trial motions for attorney fees and costs began to run from April 18, the date the judgment was filed.

¶3 Defendants argue that the thirty (30) day period for filing motions for costs and attorney fees is not triggered until the judgment is filed in accordance with all applicable statutes, and that ODOT failed to comply with the statutory requirement that the court records reflect mailing of a copy of the judgment to them within three days of filing. They argue that there is, in effect, no judgment because the thirty-day period to file post-trial motions was never triggered. In the alternative, they argue that the date of actual notice, April 21, 2011, triggered the thirty day period in which to file. The defendants also argue that their motions for attorney fees and costs were timely filed because 12 O.S.2006(D) granted them an additional three (3) days and their applications were filed within thirty-three (33) days of filing the judgment.[4] ODOT maintains that the three-day rule does not apply.

¶4 The trial judge granted ODOT's motion to strike because the defendants' motions were not filed within thirty (30) days after filing of the judgment, citing *Tidemark Ex-*

---

1. The defendants/appellants are Cedars Group, L.L.C., Centoma, Bush Ltd. d/b/a/ Deer Creek Texaco and A. Sam Coury, and will be referred to collectively as the defendants. The defendants filed a motion for costs and an application for attorney fees, reimbursement of expenses, appraisal and engineering fees. For convenience we will refer to them as the defendants post-trial motions.

2. Title 12 O.S. 696.2(B) requires that a file-stamped copy of every judgment, decree or appealable order shall be served upon all parties by counsel for the party who prepared it, or a person designated by the trial court, promptly and no later than three (3) days after it is filed. Service shall be done in the manner provided in 12 O.S.2005 for the service of papers and a certificate of service must be filed with the court clerk.

3. 12 O.S. 696.4(B) provides that the application for costs and attorney fees must be filed within thirty days after the filing of the judgment decree or appealable order. If the party filing the application did not prepare the judgment and if § 696.2 required a copy of the judgment to be mailed to them and the court records do not reflect the mailing of a copy of the judgment to them within (3) days after the filing of the judgment, the application for costs and attorney fees may be filed no later than thirty (30) days after the earliest date on which the court records show that a copy of the judgment was mailed to the party filing the application.

4. The defendants also asked the trial court to treat their motions as a motion for extension of time on the grounds of excusable neglect, although they contend that there was no excusable neglect because their motions were timely filed.

*ploration, Inc. v. Good,* 1998 OK 67, 967 P.2d 1194. The trial court denied the defendants' motion to reconsider. The Court of Civil Appeals affirmed, ruling that the absence of a certificate of mailing was of no effect in light of defendants' counsel's admission that he received a file-stamped copy of the judgment three days after it was filed. We granted the defendants' petition for writ of certiorari.

¶5 Title 12 O.S. 696.2(B) requires that a judgment be filed and served on the appellant within three days and that proof of service be filed with the court clerk. Title 12 O.S. 696.4 governs post-trial motions for costs and attorneys fees filed in the trial court. If costs and attorney fees are not included in the judgment, these items may be determined by the trial court upon a timely-made request, regardless of whether a petition in error has been filed. The party seeking costs and/or attorney fees must file an application with the court clerk within thirty (30) days after the filing of the judgment decree or appealable order. If the appellant did not prepare the judgment and 12 O.S. 696.2 required a copy of the judgment to be mailed to the appellant and the *court records do not reflect such mailing within three (3) days after the filing of the judgment,* all times referred to shall run from the earliest date on which the court records show that a file-stamped copy of the judgment was mailed to the appealing party.

¶6 Relying upon the above language, the defendants argue that their time period was not triggered until the § 696.2 proof of service was filed with the court clerk. We rejected that argument in *Tidemark Exploration, Inc. v. Good,* 1998 OK 67, 967 P.2d 1194. In *Tidemark,* actual notice of the appealable event occurred prior to the date proof of service of the court's order was filed with the court clerk. We dismissed the appeal as untimely because it was brought more than thirty days after the filing of the order and more than thirty days after the date that a copy of the order was first mailed to the attorneys for the appellants.[5] We

expressly rejected appellant's argument that the appeal was timely because it was brought within thirty days from the date of the first and only certificate of service filed in the district court. The reason for requiring a certificate of mailing to be filed is to establish when the order was mailed in the event that there is a dispute about the date the appealing party received notice. Because the appellants participated in the preparation of the order, we ruled that the mailing provisions of 12 O.S. 990A did not apply and the time to appeal was triggered by the date the order was filed.

¶7 If actual notice occurs later than three days after filing, but before the proof of notice is filed, the time to appeal will commence from the date that actual notice of the appealable event occurred. *Whitehall Homeowners, Association, Inc. v. Appletree Enterprise, Inc.,* 2012 OK 34, ¶4, 277 P.3d 1266. Where there is a palpable problem with service, the appealable event is the date of actual notice. *L'ggrke v. Sherman,* 2009 OK 80, 223 P.3d 383. In this case the defendants admit receiving notice within three days of filing the judgment.

¶8 If there is no dispute that actual notice was received within three days of filing the judgment, then the date of filing the judgment triggers the running of the thirty day time period. Notice within three days satisfies the requirement of *McCullough v. Safeway Stores, Inc.,* 1981 OK 38, 626 P.2d 1332, 1334, that "timely notice" be given of the trial court's decision adjudicating the defendant's case. Where the record is silent on whether notice occurred within those three days and actual receipt within 3 days is not admitted, the date of actual notice is used. *Whitehall, supra.*

¶9 The date of defendants' receipt of notice is undisputed. The defendants' counsel acknowledges receipt of a letter from ODOT on April 21, 2011, enclosing a file-stamped and executed copy of the judgment. A copy of the letter bearing the office-stamped receipt is included in the record.

---

5. The order was filed on October 31, 1997. A certificate of service showing that a copy had been mailed by the court clerk to the attorneys

for the parties was filed March 10, 1998, and the petition in error was filed March 17, 1998.

The defendants' receipt of actual notice within three days triggered the time period for filing the motions for costs and attorney fees from the date the judgment was filed. By virtue of the three-day mailing rule of 12 O.S.2006(D), however, the defendants had thirty three (33) days in which to file their motions. Section 2006(D) provides for additional time if service is made by means other than personal service:

> D.  ADDITIONAL TIME AFTER SERVICE BY MAIL, THIRD–PARTY COMMERCIAL CARRIER OR ELECTRONIC MEANS.  Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper on the party and the notice or paper is served upon the party by mail, third-party commercial carrier or electronic means, three (3) days shall be added to the prescribed period. . . .

¶ 10  In the present case, the defendants were to be served pursuant to 12 O.S. 696.2 and service was made by mail pursuant to 12 O.S.2005.  Section 2006(D) grants them an additional three days to file their applications for costs and attorney fees.  Although the three days granted by 12 O.S.2006(D) do not apply to time periods in the *appellate rules,* they *will apply* in computing the time to file a post-trial motion in district court after having been served with the judgment by mail as prescribed in 12 O.S. 990.2(C).  Rule 1.3, Okla. Sup.Ct. Rules.[6]  Section 990.2(C) is virtually identical to § 696.4(B).  Similarly, Okla. Sup.Ct. Rule 1.22(c)(1) provides that where the judgment was mailed because taken under advisement pursuant to 12 O.S. 990.2(C), three days are added to the time to file in the district court the post-trial motion pursuant to § 2006(D).[7]

¶ 11  The defendants' motions for costs and attorney fees were timely filed, so we do not address other issues raised.  The three additional days granted in § 2006(D) extend from the date of filing the judgment, April 18, 2011, so the § 696.4 motions had to be filed by May 21, 2011.  The defendants' motions were filed May 20, 2011, within thirty-three (33) days of the date of filing the judgment, timely pursuant to 12 O.S.2006(D).  We reverse the trial court and remand for a hearing on appellants' motions.

THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED;

THE TRIAL COURT'S ORDER IS REVERSED.

¶ 12 COLBERT, C.J., REIF, V.C.J., KAUGER, EDMONDSON, GURICH, JJ., Concur.

¶ 13 WATT, WINCHESTER, TAYLOR, COMBS, JJ., Dissent.

6.  Rule 1.3 provides, in pertinent part:
    . . . The additional time of three (3) days granted by 12 O.S.2006(D) is not applicable to the time periods described in these rules, except that the three day period will apply in computing the time to file a post-trial motion in district court after having been served with the judgment, decree or final order by mail as prescribed in 12 O.S. 990.2(C). . . .

7.  Title 12 O.S. 990.2(C) was amended in 1997.  The "taken under advisement" language was replaced with the following language:
    C.  If the appellant did not prepare the judgment, decree or final order, and Section 696.2 of this title required a copy of the judgment, decree or final order to be mailed to the appellant, and the court records do not reflect the mailing of the copy of the judgment, decree or final order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree or final order, all times referred to in this section shall run from the earliest date on which the court records show that a file-stamped copy of the judgment, decree, or final order was mailed to the appealing party, rather than from the date of filing.
    Substantially the same language appears in 12 O.S. 696.4.