STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND
2020 OK 12
Case Number: SCBD-6895
Decided: 02/24/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 12, __ P.3d __

 





State of Oklahoma ex rel. Oklahoma Bar Association, Complainant.
v.
George William Wiland, III, Respondent.
ORDER
¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (Complainant) by and through its Assistant General Counsel Katherine M. Ogden, has presented this Court with an application to approve the resignation of George William Wiland, III, (Respondent), OBA No. 20943, from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into his alleged misconduct, as provided in Rule 8, Rules Governing Disciplinary Proceedings (RGDP) , 5 O.S. 2011, ch. 1, app. 1-A which provides in Rule 8.2:
Upon receipt of the required affidavit, the Commission shall file it with the Clerk of the Supreme Court and the Supreme Court may enter an order approving the resignation pending disciplinary proceedings.
Upon consideration of the Complainant's application and Respondent's affidavit in support of resignation, we find:
1) On February 10, 2020, following the Complainant's investigation of multiple professional misconduct allegations, Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending investigation of a disciplinary proceeding.
2) Respondent's affidavit of resignation reflects that: 

a) the affidavit was freely and voluntarily rendered;
b) he was not subjected to coercion or duress; and 

c) he was fully aware of the consequences of submitting the resignation. 

Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing his resignation.
3) Respondent states in his affidavit of resignation that he is aware of formal complaints filed against him and under investigation by Complainant as follows:

DC 17-101: Grievance by Walter Haskins
: alleges that I attached Dr. Luker's signature to an affidavit prepared by me for use in my children's custody matter. Dr. Luker states that he never gave final permission to use his signature because he was not comfortable with the language of the affidavit.
DC 17-135 and DC 17-146 by Carrie Luelling and Bri'Anne Wiland: Carrie Luelling represented my former spouse, Bri'Anne Wiland, in our divorce and custody matter. Both parties filed a grievance against me alleging that I 'modified' a medical release to improperly request my wife's medical records. The original release was signed by my former spouse to allow a current physician to obtain her records from a previous physician. I allegedly altered the medical release so that the records would be sent to my attorney. I admit that I altered the authorization as a husband, father, and litigant, but not as an attorney.

DC 19-94: Grievance by Complainant's Office of General Counsel
: alleges that I repeatedly failed to attend hearings, missed a deposition of my client and was held in contempt for using abusive language in the courtroom. 

4) Respondent is aware that, if proven, the allegations concerning his conduct as set forth in the above-stated grievances, would constitute violations of Rule1.3 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, ch. 1, app. 1-A and Rules 1.15 and 8.4(a)(c) and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch.1, app. 3-A, and his oath as an attorney.
5) Respondent is aware that the burden of proof regarding the allegations asserted rests with Complainant but, Respondent waives any and all rights to contest the allegations.
6) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.
7) Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A, and it should be approved.
8) The official roster address of Respondent as shown by the Bar Association records is: 7927 East 77th Place, Tulsa, Oklahoma 74133.
9) Respondent is unable to locate his Oklahoma Bar Association membership card, but offers to immediately tender the same should he find it.
10) Respondent acknowledges that Complainant has incurred costs in the investigative pursuit of this matter in the amount of $13.36 and agrees to reimburse said costs within 30 days from the date of this order.
11) Respondent acknowledges that: 

a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and 
b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A with which he agrees to comply within twenty (20) days following the date of his resignation.
¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of George William Wiland, III, pending disciplinary proceedings, be approved with costs imposed in the amount of $13.36 which will be paid within 30 days.
¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of George William Wiland, III, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A, the Respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement. No additional costs are imposed. 
¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 24th DAY OF FEBRUARY, 2020.
/S/CHIEF JUSTICE
CONCUR: Gurich, C.J., Darby, V.C.J., Winchester, Edmondson, Colbert, Combs, Kane, and Rowe, JJ.
CONCUR IN RESULT: Kauger, J.
NOT VOTING: Kane, J.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA