IN RE AMENDMENT TO 12 O.S. CH. 15 APP. 1 RULES OF OKLAHOMA SUPREME C0URT
2023 OK 55
Decided: 05/08/2023
As Clarified: May 22, 2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 55, __ P.3d __

 

In re AMENDMENT to 12 O.S. CH. 15, APP. 1, RULE 1.21, RULES OF THE OKLAHOMA SUPREME COURT
ORDER OF CLARIFICATION 
The Court hereby clarifies the May 8, 2023 Order in this matter amending paragraph (a) of Oklahoma Supreme Court Rule 1.21, 12 O.S.2021, Ch. 15, App. 1.
In ¶ 1, the first sentence, second line, the words "after a" are stricken and the words "within thirty days from the date the" are reinstated so that the Order amending Rule 1.21 will state the following: (additions indicated by underline, deletions indicated by strikeout):
(a) District Court Appeals.
An appeal from the district court may be is commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.3was is filed with the clerk of the district court. 12 O.S. § 990A
The amendment remains the same in all other respects.
DONE THIS 22nd DAY OF MAY 2023.
/S/CHIEF JUSTICE
CONCUR: KANE, C.J., ROWE, V.C.J., and WINCHESTER, EDMONDSON, GURICH, DARBY AND KUEHN, JJ.
CONCUR IN PART/DISSENT IN PART: KAUGER, J. (by separate writing) and
COMBS, J.

KAUGER, J., with whom Combs, J. joins, concurring in part/dissenting in part to the order of clarification:
¶1 Tidemark Exploration Inc. v. Good, 1998 OK 67967 P.2d 1194Whitehall Homeowners Ass'n Inc. v. Appletree Enterprise Inc., 2012 OK 34277 P.3d 1266State v. Cedars Group L.L.C., 2013 OK 99, 320 P.3d23, all stood for the proposition that, when the timeliness of an appeal is unclear from the trial court record, this Court would inquire into its timeliness, and consider when the party who did not prepare the appealed order received actual notice of its filing. The Court can and did change this inquiry with Owens v. Owens, 2023 OK 12
¶2 Now, the Court only looks to what the trial court record reflects at the time the appeal is filed. If there is no indication from the trial court record, at that time, as Owens states:
We now hold that when a petition in error is presented to this Court, we will determine timeliness at that time, from the materials filed with this Court and on file in the trial court record. The petition will be accepted as timely if proof of service is absent, unless it is clear that the appellant prepared the judgment. If proof of service is present, then the date such proof was filed will be used to determine when the 30-day appeal time began. (Footnotes omitted.)
The Court can and did change the way in which we determine timeliness.
¶3 On May 8, 2023, the Court amended Rule 1.21 of the Rules of the Oklahoma Supreme Court, 12 O.S. 2021 Ch. 15, App. 1. It previously mirrored the statutory language of 12 O.S. 2011 §990A
A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant. (Emphasis supplied)
Ironically, 12 O.S. 2011 §990A[1] which is one reason I was concerned that the proposed rule change was in derogation of the existing statute and the re-codification of our Court rule interpreting it. (See my dissent to the amendment to the rule.).
¶4 At this point, a reading of the clarified and amended rule's plain language would suggest that the appellant's time for lodging an appeal can only be 30 days "from the date the judgment . . . is filed with the clerk of the district court"--which is "presumed to be the date of the district court clerk's file stamp thereon." Nothing in the plain language would suggest that the appellant's time for lodging an appeal can ever go beyond that 30-day window. Rather, the plain language only allows for shortening the 30-day window insofar as it specifies that "the appellee may limit the appellant's time for lodging an appeal" in certain situations "by filing proof of service."
¶5 The plain language fails to reflect the true law as set forth in both 12 O.S. 2011 §990AOwens v. Owens, 2023 OK 12
If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 
Okla. Sup. Ct. R. 1.21(a), 2021 OK 41see also §990A(A) (stating that "the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment . . . was served upon the appellant" where both (a) "the appellant did not prepare the judgment" and (b) "the court records do not reflect the service of a copy of the judgment . . . within three (3) days" (emphasis added to show slight variation)). This deleted language remains in section 990A(A) and is important insofar as it provides an alternate starting point for the 30-day window in situations where the appellant might not otherwise have any basis for knowing that a final judgment had been entered.
¶6 Why we would remove this key language from our rule is problematic and inconsistent with Owens regarding when the 30-day window starts if proof of service has been filed. On one hand, the deleted statutory language makes the starting point for the thirty-day window "the earliest date on which the court records show that a copy of the judgment . . . was served upon the appellant" --- i.e., the date of service as shown on the proof of service --- unless such date falls within three days of the date judgment was filed. §990A(A) (emphasis added). On the other hand, Owens says, "[i]f proof of service is present, then the date such proof was filed will be used to determine when the 30-day appeal time began." 2020 OK 12
¶7 As amended, the changes created confusion, and appeared to obliterate the 30-day appeal time, and the 3-day service requirement, even though, when a rule conflicts with a statutory enactment, the statute prevails. I applaud the majority's order of clarification to the extent that it re-inserts one of the 30 day references to match the statute, but it has failed to do so on the second mentioning of 30 days. I implore them to re-insert the 30 day and the 3 day language to match the statute, rather than wait to again clarify the rule change.
FOOTNOTES
1 Title 12 O.S. 2011 §990A
. . .C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal: . . .

 ORDER 
¶1 The Court hereby amends paragraph (a) of Oklahoma Supreme Court Rule 1.21, 12 O.S.2021, Ch. 15, App. 1, as follows (additions indicated by underline, deletions indicated by strikeout):
(a) District Court Appeals.
An appeal from the district court may be is commenced by filing a petition in error with the Clerk of the Supreme Court after a within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.3was is filed with the clerk of the district court. 12 O.S. § 990A
The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. §696.2
The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.
If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. § 990A(A); Owens v. Owens, 2023 OK 12. and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. § 990A. See Tidemark Exploration, Inc. v. Good, 1998 OK 67967 P.2d 1194.
For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.
The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.
¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF MAY 2023.

/S/CHIEF JUSTICE
CONCUR: KANE, C.J., ROWE, V.C.J., GURICH, DARBY and KUEHN, JJ.
DISSENT: KAUGER, (by separate writing), EDMONDSON and COMBS, JJ.
NOT VOTING: WINCHESTER, J.

KAUGER, J., dissenting, with whom COMBS, J., joins:
I.
¶1 Title 12 O.S. 2011 §990A[1] My first concern with the proposed rule is the statement in Owens v. Owens, 2023 OK 12
The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.
Because our rules have the same force and effect as statutes, article 5 §54 can be read to substitute "rule" for "statute" to provide:
The repeal of a rule shall not revive a rule previously repealed by such rule, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed rule.
¶2 A civil action is commenced by filing a petition with the court.[2] Once a proceeding is commenced in the trial court the proceedings have begun. To confine the meaning of prospective to only where judgment is rendered is contra to the spirit of the law and is a disparate denial of due process. For example A and B file two separate actions on the same day, but B is delayed for whatever reason. A proceeds without interruption, concluding in the trial court. A's appeal results in overruling established precedent, and is given prospective effect. B, under the theory that the action had to be filed on appeal not when it was commenced, but when it reaches appeal, is denied relief because of the holding of Owens, supra.
¶3 This result ignores art. 5, §54 in which "proceedings begun" means when a cause is filed in the district court. It is pending and should receive the benefit of the decision. The amended rule is silent on the prospective question. Prospective needs to be applied to all pending cases whether in the trial court or on appeal to prevent further chaos.
II.
¶4 My second concern is that the proposed rule is in derogation of the existing statute, 12 O.S. 2011 §990A
A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.
The proposed amended rule provides in pertinent part:
RULE 1.21 - COMPUTATION OF TIME FOR COMMENCEMENT OF APPEAL
(a) District Court Appeals
An appeal from the district court may be is commenced by filing a petition in error with the Clerk of the Supreme Court after a within thirty days from the date of the judgment, decree, or appealable order prepared in conformance with 12 O.S. §696.3was is filed with the clerk of the district court. 12 O.S. §990A
. . .If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. 990 A(a); Owens v. Owens, 2023 OK 12. and the court record do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order; the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. §9901998 OK 67967 P.2d 1194
¶5 The Court is without authority to rewrite a statute merely because the legislation does not comport with the court's conception of prudent public policy.[3] When a rule conflicts with a statutory enactment, the statute prevails. [4] As amended, the rule obliterates the 30-day appeal time and the 3-day requirement and creates a trap for the unwary. I called for the elimination of the three day rule in my opinion concurring in part, dissenting in part in Owens. However, that was an appeal to the Legislature to make statutory changes and to establish a 30-day rule for all appeals -- not the court to do so arbitrarily.
III.
¶6 A third concern is that the elimination of the actual notice exception will result in confusion and uncertainty regarding the finality of judgments. A successful litigant may reasonably believe that when a judgment is hand-delivered in court to the appellant, the requirement in §990A for court records to show that the judgment "was served" upon the appellant has been satisfied. After complete enforcement of the judgment, the successful litigant and any third parties relying on the validity of the served judgment may discover that appellant has filed a timely appeal years after service of the judgment. In addition to appellees, trial courts concerned about finality of their judgments will have the additional burden of ensuring the filing of a "proof of service" even in cases where the judgment is handed to the appellant. Even with an application of Owens only to judgments entered after Owens, so that successful litigants should be aware of the strict requirement to file a proof of service even where the appellant is present, inequities could result when an unsuccessful litigant sits on their right to appeal for years where the appellee did not file the proof of service.
¶7 The proof of service requirement in section 990A only applies "[i]f appellant did not prepare the judgment, decree, or appealable order." If appellant prepared the appealable order, the appeal time runs from the date the order is filed. It is not always clear if the order was prepared by the appellant, appellee, trial court, or all three, even where the court directs preparation by a certain party. These varying situations cause uncertainty as to the need for a record proof of service. Also, juvenile dockets and certain other dockets are not public and a third party may not be able to determine if a proper proof of service was filed.
¶8 Until the appeal time has run, there is a question as to the finality of the judgment. If the proof of service is inadequate, the judgment may not be relied on as final. In many cases, executions on judgments will be called into doubt based on uncertainty regarding the need for, existence of, or sufficiency of a proof of service. The rights of third parties relying on a certified copy of a judgment in garnishments, attachments, and foreclosures will be affected.
¶9 Title examiners and other third parties, such as banks and oil companies, may need to determine the validity and necessity of the record proof of service. Issues may arise concerning whether a defect such as failure to fill in the date or address is an insufficient certificate; whether the mailing was to the last known address; whether the required written consent and electronic service instructions were provided in a pleading; whether a sheriff's return of service on an individual at a place of business was sufficient; and various other matters arising from service certificates.
¶10 Where the record proof of service is defective or nonexistent, unless equitable defenses are applied, there is apparently no cutoff and the appeal time will run until 30 days after a proper proof is filed, or forever. With actual notice, the appellant's notice of the judgment starts the appeal time and the cutoff is in 30 days. At that point the appeal time has run, and the judgment is final.
¶12 It is foreseeable that this Court will ultimately be required to consider equitable doctrines such as laches, waiver, and estoppel to prevent such uncertainty regarding judgments. The actual notice exception effectively prevented this result. I previously warned of the chaos that Owens could cause--to no avail. Everything is interconnected, and the ripple effect on the judiciary creates more problems than it solves. This is what happens when decades of precedent are overruled without full awareness of the consequences.
CONCLUSION
¶13 I reiterate my objections to Owens, as follows:
¶1 I disagree with the majority's abrupt reversal of our holdings in Tidemark Exploration, Inc.v. Good, 1998 OK 67967 P.2d 1194Whitehall Homeowners Ass'n Inc. v. Appletree Enterprise, Inc., 2012 OK 34277 P.3d 1266State v. Cedars Group L.L.C., 2013 OK 99320 P.3d 2312 O.S. 2011 §990A[1] should be amended by the Legislature.
¶2 Court rules and Administrative rules are valid expressions of lawmaking powers and have the full force and effect of law.[2] When a rule or statute has been judicially construed by a court of last resort and is reenacted in the same or substantially the same terms as it was judicially construed, its meaning is adopted by the Legislature.[3] Legislative silence is evidence of lawmakers' consent and adoption of construction.[4]
¶3 The judicial construction becomes an integral part of the statute. Upon completion of the compilation of the statutes and approval by the Court, all the laws contained therein become the laws of the state.[5] If a statute is re-enacted, or in this case recodified, in the same or substantially the same terms after a judicial construction, the court's meaning is presumed to have been adopted by the Legislature.[6]
¶4 Obviously §990A needs attention. The three day rule causes more problems than it solves, and a bright line may be helpful. (It would also be helpful if all petitions for relief were uniformly set at 30 days regardless of the forum.) However, for the last 25 years, the bench and bar have relied on the Court's Tidemark interpretation to include actual notice.
¶5 The statute has been recodified two or three times. If the Legislature were dissatisfied with the Tidemark interpretation, it has had decades to correct it. Amendment to §990A is for the Legislature, not this Court. Such an abrupt change could cause chaos -- not to mention the obliteration of the sufficiency of actual notice.
FOOTNOTES
[1] Title 12 O.S. 2011 §990A
. . .C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal: . . .
[2] 12 O.S. 2011 §2004
A. SUMMONS: ISSUANCE. Upon filing of the petition, the clerk shall forthwith issue a summons. Upon request of the plaintiff separate or additional summons shall issue against any defendants. . .
[3] Fulsom v. Fulsom, 2003 OK 96
[4] Cole v. State ex rel. Dept. of Public Safety, 2020 OK 67473 P.3d 467
[1] Title 12 O.S. 2011 §990A
A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant. The filing of the petition in error may be accomplished either by delivery or mailing by certified or first-class mail, postage prepaid, to the Clerk of the Supreme Court. The date of filing or the date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error.
C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal:

1. For the filing of cross-appeals;
2. The procedure to be followed by the trial courts or tribunals in the preparation and authentication of transcripts and records in cases appealed under this act; and

3. The procedure to be followed for the completion and submission of the appeal taken hereunder. . . .
[2] Bertrand v. Laura Dester Center, 2013 OK 18300 P.3d 1188Estes v. ConocoPhillips Co., 2008 OK 21184 P.3d 518Renfrow v. Ittleson, 1925 OK 403236 P. 585
[3] Suldbury v. Deterding, 2001 OK 1019 P.3d 856Special Indemnity Fund v. Bedford, 1993 OK 60852 P.2d 150
[4] Estes v. ConocoPhillips Co., see note 2 at ¶11. See also, 75 O.S. 2011 §308.5 which provides:
A. No agency rule is valid or effective against any person or party, or may be invoked by the agency for any purpose, until it has been promulgated as required in the Administrative Procedures Act.
B. A proceeding to contest any promulgated rule on the ground of noncompliance with the procedural requirements of Article I of the Administrative Procedures Act must be commenced within two (2) years from the effective date of the promulgated rule.

C. Rules shall be valid and binding on persons they affect, and shall have the force of law unless amended or revised or unless a court of competent jurisdiction determines otherwise. Except as otherwise provided by law, rules shall be prima facie evidence of the proper interpretation of the matter to which they refer.
[5] Ex Parte Haley, 1949 OK 218210 P.2d 653Atchley v. Board of Barber Examiners of State, 1953 OK 146257 P.2d 302
[6] Compsource Mut. Ins. v. State ex rel. Okla. Tax Comm'n, 2018 OK 54435 P.3d 90Suldbury v. Deterding, see note 3, supra.